352 So.2d 822 (1977)
Gordy SANDERS
v.
STATE of Mississippi.
No. 50000.
Supreme Court of Mississippi.
December 7, 1977.
Crawley & Ford, Michael H. Steele, Kosciusko, for appellant.
A.F. Summer, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and LEE and BOWLING, JJ.
*823 BOWLING, Justice, for the Court:
Appellant appeals from his conviction in the Circuit Court of Leake County on a charge of armed robbery. We reverse and remand for a new trial.
There are four assignments of error, all of which require a reversal. These errors are emphasized by the fact that appellant was convicted on the testimony of two admitted crooks. Appellant was a 66-year-old black man, having served at one time as deputy sheriff of Attala County. Each of the said two principal witnesses, as hereinbefore stated, had quite a criminal record in Attala County. The essence of appellant's defense was that he was "framed" by these witnesses.
During the early evening of March 16, 1976, one Floyd Harris, a 65-year-old black man living in Leake County near the community of Conway, was called to his front door. He was met with a 38-caliber pistol held by one of the witnesses, Marion F. (Jack) Gowan. Appellant was never seen by Harris. Gowan forced Harris to give him money that was hidden in Harris' home. Gowan was identified by Harris and subsequently arrested. On information supplied by Gowan appellant was arrested several days later.
*824 Gowan's testimony was that he and appellant went to Harris' home in appellant's pickup driven by appellant; that he went into Harris' home and committed the robbery while appellant waited in the pickup.
On cross-examination attorney for appellant attempted to question Gowan regarding an alleged incident when appellant, while deputy sheriff, attempted to arrest Gowan at a hospital in Kosciusko, at which time marijuana was found in Gowan's shoe. The lower court sustained the State's objection to this evidence. Appellant's attorney argued then, and argues here, that this evidence was material on the question of the alleged motive of Gowan in testifying against appellant. We agree. It is clear that the credibility of a witness may be impeached on cross-examination by showing bias, prejudice, motive or hostility. Tate v. State, 317 So.2d 23 (Miss. 1975); Palmer v. Clarksdale Hospital, 213 Miss. 601, 57 So.2d 473 (1952). Wide latitude is to be allowed on cross-examination to show bias or motive for the purpose of affecting credibility. Cody v. State, 167 Miss. 150, 148 So. 627 (1933). Although the extent of this cross-examination lies within the sound discretion of the trial court, its ruling will be reversed when an abuse of that discretion is shown. McElroy, Mississippi Evidence, § 183, pp. 514-515 (1955).
On cross-examination of Gowan, appellant's attorney attempted to question Gowan on convictions of misdemeanors in addition to his felony convictions. The lower court sustained the district attorney's objection to misdemeanor convictions. This was error. Mississippi Code Annotated section 13-1-11 (1972) provides as follows:
A conviction of a person for any offense, except perjury or subornation of perjury, shall not disqualify such person as a witness, but such conviction may be given in evidence to impeach his credibility ...
In McElroy, Mississippi Evidence, section 130, pages 404-405 (1955), we find the following:
To impeach the credibility of a witness he may be asked (1) if he has ever been convicted of a crime, and if his answer is in the affirmative, he may be further asked, (2) what was the crime or misdemeanor, but never is he permitted to be asked any other questions about [the details of] the offense, ... .
In Baker v. State, 307 So.2d 545 (Miss. 1975), this Court stated:
It has long been the law in this state that a witness may be cross-examined touching his conviction of a crime which may extend to misdemeanors as well as infamous crimes.
There is an exception to the above stated principle as set out in Mississippi Code Annotated section 63-9-15 (1972) regarding traffic violations.
On direct examination by the district attorney of witness Stanley Howell, it was brought out that he had served several terms in the Mississippi State Penitentiary and had several felony convictions. On cross-examination attorney for appellant attempted to elicit from Howell the felonies of which he had been convicted. The lower court sustained the State's objection to this attempt and ruled that he could only be required to state how many times he had been convicted. This was error under the authorities cited in discussing the previous assignment.
Defendant presented testimony from witness Claude Guess, who was a Kosciusko city policeman for twenty-five years and also served as sheriff of Attala County for four years, from 1972 through 1975. The lower court, on examination by appellant's attorney, refused to permit Mr. Guess to testify as to the reputation of the witness Howell for truth and veracity. The objection to this testimony was based on the fact that Guess had not actually been in contact with Howell for approximately eleven months, and that his knowledge of Howell's truth was "too remote." Mr. Guess testified he had known Howell during "the 50's, and the 60's, and through 1975." The trial was held on November 11-12, 1976. During the time Howell lived *825 in Attala County Mr. Guess had considerable experience with Howell, both in his position as policeman and as sheriff. We realize that the lower court has a certain amount of discretion in questions such as this. We find, however, that this discretion was abused in the present case, particularly because of the situation regarding the two principal witnesses as hereinbefore discussed. See Miss. Power & Light Co. v. Tripp, 183 Miss. 225, 183 So. 514 (1938); French v. Sale, 63 Miss. 386 (1885).
In the Mississippi Power & Light Co. v. Tripp case, the Court permitted similar testimony as that attempted to be elicited here when the witness had not lived in the community for three years. In Norwood & Butterfield Co. v. Andrews, 71 Miss. 641, 16 So. 262 (1893), there was a period of two years when the witness did not have contact with the person about whose reputation he was interrogated. We hold that it was error for the lower court to sustain the State's objection to this testimony of the witness Guess.
During the trial of the case the State was permitted to inject into the testimony before the jury an implication that appellant had sold whiskey in the past. On a retrial of the case this should not be permitted.
Due to the foregoing errors the case is reversed and remanded.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.