THOMAS, P.J.,
for the Court:
¶ 1. Jose Everado Casas was convicted of one count of transfer of marijuana and one count of transfer of cocaine in the Circuit Court of Lowndes County. He was sentenced to serve two eighteen year sentences to run concurrently and fined $10,000 for each count. He appeals pro se to this Court and presents four issues for our consideration which he claims warrant a reversal of his conviction. He contends that the indictment was faulty for naming him as an habitual offender, that there was a problem with the credibility of prosecution witness Roy Kim Price, that no lab report or drug analysis was offered to prove that the substances were marijuana and cocaine, and that defense counsel was constitutionally ineffective. We disagree and affirm.
FACTS
¶ 2. Roy Kim Price was in the Lowndes County Jail on cocaine possession charges and with assault and burglary charges pending against him when he went to Officers Kevin Petrie and Joey Brackin, both narcotics officers, offering to assist them in narcotics cases if they would assist him on the pending charges against him. Price proposed to the agents that he would set up a sale of narcotics by Joe Casas, and the officers gave him the opportunity. In exchange for Price’s help, the officers evidently were instrumental in getting one of the charges against Price retired to the files and in getting Price’s sentence on the other charge to run concurrently with the sentences he already had received.
¶ 3. On August 15, 1994, Price and the officers went to Price’s house, where Price placed a call to Casas in Texas. Over a three day period about twelve such calls were made with Officer Petrie dialing Ca-sas’s telephone number. During that time period, Casas placed some calls to Price. Price had spoken with Casas on prior occasions, and he recognized Casas’s voice. Officers Petrie and Brackin stayed at Price’s house during this time period, and they recorded the telephone conversations.
¶ 4. During these conversations, Price and Casas discussed the details of Casas’s bringing marijuana and cocaine to Columbus, Mississippi including the date of delivery and the purchase price. Price identified the tape recordings and the transcripts of the telephone conversations, which were admitted into evidence and played for the jury.
¶ 5. The arrangement between Price and Casas was that Casas would mail ten pounds of marijuana and five ounces of cocaine to Price; Casas would then come to Columbus on the bus to get his money.
¶ 6. On August 21, 1994, the officers met Casas’s bus at the station in Columbus and saw Casas getting off the bus and placing a call to Price’s house. The officers then arrested Casas on suspicion of drug traf *1056 ficking. The drugs, which were addressed to Price, arrived on August 23, 1994 in Columbus. The packaging was sent to the Mississippi Crime Lab for fingerprint analysis along with a copy of Casas’s fingerprints. The fingerprints on the package containing the narcotics matched Ca-sas’s prints. In addition, the Crime Lab confirmed that the drugs in the package were in fact 9.58 pounds of marijuana and 4.9 ounces of cocaine.
DID THE TRIAL COURT COMMIT ERROR WITH RESPECT TO THE INDICTMENT?
¶ 7. Casas contends that the indictment charging him as a habitual offender was defective since it contained previous convictions which were later deleted during the sentencing portion of his trial. Casas reasons that the defect in the indictment presented before the grand jury has prejudiced the outcome of this case.
¶ 8. As pointed out by Casas, when seeking enhanced penalties an indictment must include all prior convictions. Washington v. State, 478 So.2d 1028, 1032 (Miss.1985). An indictment must “allege with particularity the nature or description of the offense constituting the previous felonies, the state and federal jurisdiction of previous conviction, and the date of judgment.” Id. Casas claims that the indictment against him was defective because it wrongly included information regarding his previous convictions. Specifically, the indictment listed federal court as opposed to Texas State court, as the jurisdiction of his prior conviction. Therefore, according to the reasoning of Casas, the trial court erred when permitting the State to produce evidence of his previous drug convictions.
¶9. The State did charge Casas as an habitual offender based on his 1988 conviction on possession of marijuana. However, during the sentencing portion of Casas’s trial, the State withdrew the previous conviction of marijuana possession from consideration after Casas objected to the indictment misidentifying the jurisdiction of his 1988 conviction. Casas cites to Lay v. State, 310 So.2d 908, 910 (Miss.1975), in which the court found the trial court “erred when it inflicted enhanced punishment on Lay as a second offender.” Ca-sas’s case is distinguishable from the Lay case because the State withdrew the habitual offender charges against Casas; in doing so the court sentenced Casas only on the principal charges of transferring cocaine and marijuana. According to Lay, when the indictment is “sufficient on the principal charge” the court can proceed with sentencing for that charge. Id. Here, the indictment is not defective on the principal charges of transferring cocaine and marijuana. Casas’s indictment and subsequent conviction was based solely on the principal charges and his previous convictions were not taken into account by the court. Thus, we find no prejudice against Casas in his sentencing.
DID THE TRIAL COURT COMMIT ERROR WITH RESPECT TO THE CREDIBILITY OF ROY PRICE?
¶ 10. Casas seems to object to the credibility of Roy Kim Price as a witness for the prosecution. Moreover, Casas contends that during the trial the court unfairly limited his cross-examination of this witness.
¶ 11. In examining the witness’s credibility, the court must consider all of the evidence presented to the jury. Morgan v. State, 681 So.2d 82, 93 (Miss.1996). Here, the record reflects that the jury was fully aware that Price had “cut a deal” with the State to receive favorable treatment in exchange for his cooperation in the case at bar. Further, the record indicates that Casas’s counsel thoroughly cross-examined Price concerning Price’s character and previous criminal activities. There is ho doubt that Price’s previous criminal background does raise concerns regarding his credibility. Accordingly, the jury was made aware of these concerns or issues of credibility, including the witness’s dealings with law enforcement in this case. *1057 The jury has the responsibility of judging the credibility of the witness. Jackson v. State, 614 So.2d 965, 972 (Miss.1993); also see, Harris v. State 527 So.2d 647, 649 (Miss.1988); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Thus, Price’s credibility was reviewed and judged competent by the jury in this case. This Court will not interfere with the jury’s decision unless it allows an unconscionable injustice to occur. Groseclose, 440 So.2d at 300.
¶ 12. Casas claims that the court erred by allowing a limited cross-examination of Price. Casas contends his case is similar to Sanders v. State, 352 So.2d 822 (Miss.1977), where the court found error by the trial court for limiting the scope of the defendant’s cross-examination. We disagree that the cases are similar. In the present case, the trial court allowed the defense every opportunity to prove the witness’s bias, prejudice, or hostility. Sanders, 352 So.2d at 824. As stated earlier, the record clearly reflects that Casas’s counsel thoroughly and effectively cross-examined Price. The judge allowed the majority of questions to be answered by Price on cross-examination, even though the State continuously objected to the depth of some of the questioning.
¶ 13. In Sanders, the district court limited the questions regarding the witness’s previous convictions. Sanders, 352 So.2d at 824. In the case at bar, the court allowed Price to be questioned about his prior convictions, and the jury was able to take this testimony into consideration when making its decision.
¶ 14. We hold that the jury was allowed to make a competent decision regarding the credibility of the witness. Casas’s claim of error is without merit.
DID THE TRIAL COURT COMMIT ERROR WITH RESPECT TO THE IDENTIFICATION OF THE COCAINE?
¶ 15. Casas contends that the State did not produce any documents or analysis to verify that the substance found in the packages were in fact marijuana or cocaine. According to Casas, the State, by not producing documents verifying the contents of the substances found, deprived him of his right to cross examine the witness on the credibility of the evidence.
¶ 16. The record clearly indicates that Casas stipulated to the fact that the substances found in the packages were marijuana and cocaine. During the questioning of Agent Petrie, the defense stipulated to the fact that the lab results from the State’s crime lab were positive for the substances being marijuana and cocaine. The stipulated fact “is one which both parties agree is true.” Wilbourn v. Hobson, 608 So.2d 1187, 1189 (Miss.1992).
¶ 17. Since Casas stipulated to the evidence, the State did not have to prove the actual contents of the substance. Consequently, the State did not have to provide a witness or ■ documentation to that fact.
¶ 18. Casas does have a right to cross-examine witnesses concerning their credibility and testimony. Here, Ca-sas fails to realize that there is no reason to cross-examine witnesses where both sides are in agreement on the facts. Ca-sas’s stipulation excludes from controversy any issue regarding the actual contents of the packages.
DID THE TRIAL COURT ERR IN RESPECT TO THE CLAIM OF INEFFECTIVE ' ASSISTANCE OF COUNSEL?
¶ 19. Casas cites three aspects of his trial counsel’s performance which he claims demonstrate ineffectiveness: his counsel failed to investigate, failed to object to the introduction of the audiotapes into evidence, and failed to' file a timely appeal. None of these purported defects rises to the level constitutionally required for Casas to be viewed as having been denied his right to counsel.
¶ 20. In order to prevail on this issue, Casas must prove that his attorney’s performance was deficient, and that, the *1058 deficiency was so substantial as to deprive bim of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct, 2052, 80 L.Ed.2d 674 (1984); Moody v. State, 644 So.2d 451, 456 (Miss.1994). The deficiency and any prejudice are assessed by looking at the totality of the circumstances. Moody, 644 So.2d at 456. We begin our analysis with strong but rebutta-ble presumption that counsel’s conduct fell within the wide range of reasonable professional assistance. Id. Appellate review of counsel’s performance is “highly deferential.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052. Casas must demonstrate a reasonable probability that the result of trial would have been different but for counsel’s deficiencies. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992).
¶ 21. We do not find that Casas’s counsel was deficient in his defense of Casas. The record indicates that counsel was aggressive in his pursuit of Casas’s defense. Casas claims that his counsel should have investigated the' prosecution’s evidence and objected to its introduction at trial. As the record reflects, defense counsel did not have any reason to object to the evidence being introduced and it is unclear what further investigation could have been done. Any objection to the introduction of the evidence by the defense counsel would have been futile. Even if defense counsel had made objections to the evidence, the outcome of the trial would not have been different.
¶ 22. Casas contends that defense counsel did not timely file an appeal. He makes no argument on .this point. The record shows that a notice of appeal was timely filed by counsel retained by Casas on May 31, 1996. The appeal was later dismissed for failure to pay the filing fee and costs of appeal. On pro se motion by Casas, the supreme court reinstated the appeal and the matter was remanded to the circuit court for determination of whether new counsel should be appointed. The circuit court found that Casas was not indigent and denied the request to appoint counsel. Casas proceeded to file a pro se brief in this appeal. Casas’s claim is contrary to the record and does not call into question defense counsel’s performance at trial.
¶ 23. Finally, ineffectiveness is not shown by counsel’s failure to object to the audiotapes of phone conversations at Price’s home. Casas argues that law enforcement officials must apply for a court order authorizing the interception of oral communication in connection with the investigation of crimes. The Mississippi Supreme Court has held that “[electronic surveillance, '‘bugging,’ does not tread upon the constitutional rights of the Fourth Amendment when the consent of one of the parties is first obtained. The expectation of privacy, though perhaps shaken by the mistaken belief that a person to whom one voluntarily confides will not reveal the conversation does not reach constitutional proportions.” Everett v. State, 248 So.2d 439, 443 (Miss.1971) (citing Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966)). Price consented to the officers eavesdropping on the conversations; therefore, the agents did not have to seek a court order to record the exchange between the Casas and Price. As was pointed out in Everett, “one contemplating illegal activities must realize and risk that his companions may be reporting to the police.” Id. Considering the circumstance, Casas’s defense counsel would have no ground to object to the audiotapes as evidence. In sum, Casas had effective assistance of counsel and this assigned error has no merit.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF COUNT I TRANSFER OF MARIJUANA MORE THAN A KILOGRAM AND COUNT II TRANSFER OF COCAINE AND SENTENCE OF EIGHTEEN YEARS ON EACH COUNT, SENTENCES TO RUN CONCURRENTLY, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF COR *1059 RECTIONS AND PAYMENT OF A $10,000 FINE ON EACH COUNT IS AFFIRMED. COST OF APPEAL IS ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.