984 So.2d 1024 (2008)
Terry BURNS a/k/a Terry W. Burns, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CA-00414-COA.
Court of Appeals of Mississippi.
January 22, 2008.
Rehearing Denied June 24, 2008.
Jason Lee Shelton, attorney for appellant.
Office of the Attorney General by Ladonna C. Holland, attorney for appellee.
Before LEE, P.J., CHANDLER and BARNES, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On January 6, 2004, Terry Burns was approached by two investigators as he exited his vehicle at approximately 11:30 a.m. after parking it in his driveway. The officers suspected that Burns was driving with a suspended driver's license. The officers commenced a search of Burns's car and found twenty-one hydromorphone (Dilaudid) tablets under the seat of the vehicle. Burns was arrested and the officers submitted an affidavit for the search *1025 of his home. The search yielded more controlled substances.
¶ 2. Burns pled guilty in the Circuit Court of Prentiss County to the sale of hydromorphone, a Schedule II controlled substance. Miss.Code Ann. § 41-29-139 (Rev.2005). Burns was sentenced to a term of twenty years with eight years suspended, leaving a term of twelve years to serve in the custody of the Mississippi Department of Corrections.
¶ 3. On September 22, 2006, Burns filed a petition for post-conviction relief, asserting violations of his Fourth Amendment rights. The motion was dismissed by the trial court. Burns now appeals asserting that the trial court erred in dismissing his petition for post-conviction relief.
¶ 4. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 5. In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. "The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous." Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). When issues of law are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

DISCUSSION
¶ 6. Burns argues that his motion for post-conviction relief was improperly dismissed because the arresting officers conducted an illegal, warrantless search of his vehicle and subsequently, an illegal search of his home.
¶ 7. By entering a plea of guilty to the sale of hydromorphone, Burns waived his right to challenge the State's evidence. Young v. State, 797 So.2d 239, 246(¶ 17) (Miss.Ct.App.2001). A valid guilty plea waives the defendant's right to make certain constitutional challenges, including those under the Fourth Amendment. King v. State, 738 So.2d 240, 240-41 (¶¶ 4-5) (Miss.1999). The United States Supreme Court has provided the following explanation for the waiver:
[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea.
Thornhill v. State, 919 So.2d 238, 241(¶ 16) (Miss.Ct.App.2005) (quoting Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)).
¶ 8. Burns has waived any unreasonable search and seizure claim under the Fourth Amendment and has made no argument that his guilty plea was invalid. See Brown v. State, 944 So.2d 103, 105(¶ 5) (Miss.Ct.App.2006) ("A guilty plea is not binding upon the accused unless made knowingly and voluntarily."). We find Burns's claim to be without merit.
¶ 9. THE JUDGMENT OF THE PRENTISS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.