CARLTON, J.,
 

 for the Court.
 

 ¶ 1. On April 2, 2007, a Montgomery County grand jury indicted Charles Bank-ston on three counts of sexual battery. After a jury trial, Bankston was acquitted of the first count of sexual battery. He was convicted on the remaining two counts of the indictment and sentenced to serve thirty years in the Mississippi Department of Corrections on each count, with the sentences to run concurrently.
 

 FACTS
 

 ¶ 2. On July 29, 2006, Bankston’s sixteen-year-old daughter, Carley
 
 [1]
 
 , returned from working her shift at a nearby fast-food restaurant at approximately 6:00 p.m. Carley testified that when she arrived home, her father was on the couch, and she went to take a bath. After her bath, Carley went into her room and got into her bed to try to fall asleep. Her father entered the room shortly afterward, held her down, and assaulted her.
 

 ¶ 3. Carley claims that Bankston raped her during the assault. She remembered hearing a crackling sound that she could
 
 *379
 
 not identify when her father first held her down. She stated that she later found a condom wrapper in her bed. The next morning, Bankston asked Carley if she remembered anything from the night before, and she told him that she did not. She then left the house to go to work.
 

 ¶ 4. Approximately two months later, Carley finally told her mother, Margaret, about the assault. Margaret had been away at the time of the assault caring for her sick father. Margaret became angry and upset and confronted Bankston about the incident. Bankston admitted to his wife that he had touched and fondled Car-ley, but he denied having raped her.
 

 ¶ 5. At the time the crime was reported to law enforcement officers, Carley was living with her aunt, who called the Montgomery County Sheriffs Department. Deputy David Johnson investigated the crime and interviewed Carley. Deputy Johnson contacted Kari Phillips, a social worker with the Department of Human Services, who also interviewed Carley. With Carley’s permission and with Phillips present, Deputy Johnson recorded a phone call between Carley and Bankston in which Bankston made incriminating statements. Bankston admitted in the conversation that he had digitally and orally penetrated Carley, but he again denied that he had raped her.
 

 ¶ 6. After listening to the conversation between Carley and Bankston, Deputy Johnson determined that he had probable cause to arrest Bankston for sexual battery. Deputy Johnson filed an affidavit in the Montgomery County Justice Court and obtained an arrest warrant. Deputy Johnson arrested Bankston, recited his
 
 Miranda
 
 warnings, and drove him to the sheriffs department. On the way to the sheriffs department, Deputy Johnson recorded the statements Bankston made. Deputy Johnson gave Bankston another
 
 Miranda
 
 warning at the sheriffs department, and he had Bankston sign a waiver. Bankston made still more incriminating statements at that point, which were also recorded. Finally, Bankston spoke to the social worker, Phillips, and made incriminating statements to her. Those statements were recorded as well.
 

 ¶ 7. In his statements after his arrest, Bankston claimed that Carley drank approximately three beers when she got home from work; Bankston had purchased the beers for Carley while she took her bath. Bankston claimed Carley got sick from the beers, threw up, and took a second bath. She then walked through the house naked and lay down on her parents’ bed with her body only partially covered by a towel. Bankston admitted that he went into the room where she was resting and touched her “in the wrong place.” Bankston admitted again that he digitally and orally penetrated Carley, but he continued to deny that he penetrated her with his penis.
 

 ¶ 8. Bankston was indicted on three counts of sexual battery under Mississippi Code Annotated section 97-3-95(2) (Rev. 2006), which states:
 

 A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child’s teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.
 

 The first count of the indictment alleged that Bankston had sexually penetrated Carley with his penis. The second count of the indictment alleged that Bankston engaged in sexual penetration of Carley with his fingers, and the third count al
 
 *380
 
 leged that he had engaged in sexual penetration of Carley by performing eunnilin-gus on her. At trial, Bankston sought to have all of the tape-recorded statements, including the phone call between himself and Carley, suppressed. The trial judge overruled his motion. The jury acquitted Bankston on the first count of sexual battery, but he was convicted on the remaining two. He was sentenced to serve two concurrent thirty-year sentences.
 

 ¶ 9. On appeal, Bankston argues that because Carley was a
 
 minor
 
 at the time of the phone call to her father, she was not able to consent to the tape recording of the conversation. He further claims that because that conversation was the basis for the arrest warrant, he was arrested without probable cause. Therefore, he claims, all of the statements made after his arrest should also have been excluded as fruit of the poisonous tree.
 

 ¶ 10. We find that the trial court did not err in allowing the recorded statements into evidence and affirm.
 

 DISCUSSION
 

 ¶ 11. “The standard of review regarding the admission or exclusion of evidence is abuse of discretion.”
 
 Mason v. State,
 
 971 So.2d 618, 620(¶ 11) (Miss.Ct.App.2007) (quoting
 
 Yoste v. Wal-Mart Stores, Inc.,
 
 822 So.2d 935, 936(¶7) (Miss.2002)). “[A]bsent an abuse of that discretion, the trial court’s decision will not be disturbed on appeal.”
 
 Id.
 
 (quoting
 
 McCoy v. State,
 
 820 So.2d 25, 31(¶ 15) (Miss.Ct.App.2002)).
 

 I. Whether the trial court erred in admitting the recorded statements and the recorded cell phone call.
 

 ¶ 12. Bankston claims that the trial court should have excluded the recording of the cell phone call Carley made to him. Bankston claims that because Carley was only sixteen at the time of the investigation, she was too young to consent to having Deputy Johnson record her phone call. Bankston argues that his Fourth Amendment rights were violated by the recording of the conversation, and the trial court should have suppressed the recording.
 

 ¶ 13. We find that Bankston has no standing to argue that Carley could not consent to having her conversation recorded. This Court has held that “[t]he right to be free from illegal searches is a personal right.
 
 White v. State,
 
 571 So.2d 956, 958 (Miss.1990). Unless his own rights were violated by a search, a defendant cannot prevent the use of evidence discovered in the search.”
 
 Powell v. State,
 
 824 So.2d 661, 663(¶ 10) (Miss.Ct.App.2002). We determine the issue of standing after a two-part inquiry: (1) whether the defendant had a subjective expectation of privacy in the place searched; and (2) whether, from society’s perspective, that expectation was reasonable.
 
 Id.
 
 (citing
 
 Rakas v. Illinois,
 
 439 U.S. 128, 151, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)).
 

 ¶ 14. Bankston had no reasonable expectation of privacy in the phone conversation between himself and Carley. In
 
 Casas v. State,
 
 735 So.2d 1053, 1058(¶23) (Miss.Ct.App.1999), police officers recorded the conversations between Casas and an acquaintance, Price, regarding a drug sale. Casas claimed on appeal that his attorney’s failure to object to the admission of the recordings into evidence constituted ineffective assistance of counsel.
 
 Id.
 
 This Court stated:
 

 The Mississippi Supreme Court has held that “electronic surveillance, ‘bugging,’ does not tread upon the constitutional rights of the Fourth Amendment when the consent of one of the parties is first obtained. The expectation of privacy, though perhaps shaken by the mistaken belief that a person to whom one volun
 
 *381
 
 tarily confides will not reveal the conversation does not reach constitutional proportions.”
 
 Everett v. State,
 
 248 So.2d 439, 443 (Miss.1971) (citing
 
 Hoffa v. United States,
 
 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966)). Price consented to the officers eavesdropping on the conversations; therefore, the agents did not have to seek a court order to record the exchange between the [sic] Casas and Price. As was pointed out in
 
 Everett,
 
 “one contemplating illegal activities must realize and risk that his companions may be reporting to the police.”
 
 Id.
 

 Casas,
 
 735 So.2d at 1058(¶ 23). Likewise, Bankston should have realized that the victim of his crime might have been reporting the crime to police officers. Car-ley initiated the phone call to her father. She called him, turned on the phone’s speaker-phone option, and allowed the deputy and social worker to listen. The phone call was recorded with Carley’s consent, and Bankston lacks standing to challenge the validity of her consent. This issue is without merit.
 

 II. Whether Deputy Johnson had probable cause to arrest Bank-ston.
 

 ¶ 15. Bankston argues that without the recorded conversation with Carley, the sheriffs department would not have had probable cause to arrest him. Therefore, he argues that any statements he made after his arrest should have been excluded at trial. Bankston argues that Deputy Johnson testified that he was not sure about the veracity of Carley’s allegations until after he heard the phone call between Carley and Bankston. However, even without the evidence from the recorded telephone call, Deputy Johnson had probable cause to arrest Bankston. Car-ley’s allegation alone gave law enforcement officers probable cause for an arrest warrant.
 

 ¶ 16. Our supreme court has set forth the requirements for obtaining an arrest warrant:
 

 To obtain an arrest warrant for a felony, either with or without a warrant, a police officer must have (1) reasonable cause to believe that a felony has been committed; and (2) reasonable cause to believe that the person proposed to be arrested is the one who committed it.
 

 Conerly v. State,
 
 760 So.2d 737, 740(¶ 7) (Miss.2000).
 

 ¶ 17. The Mississippi Supreme Court held in
 
 Jones v. State,
 
 504 So.2d 1196, 1201 (Miss.1987) that the statements of a victim were enough to create probable cause for a search warrant. In
 
 Jones,
 
 a rape victim and her friend, who had escaped the attacker, identified Jones from a photo array.
 
 Id.
 
 at 1198. The women later identified Jones from a photo lineup.
 
 Id.
 
 The supreme court held that their statements gave sufficient probable cause for the arrest and search warrants to be issued, stating:
 

 Furthermore, in
 
 Walker v. State,
 
 473 So.2d 435 (Miss.1985), we held that where information constituting the underlying facts and circumstances of an affidavit is furnished by an eyewitness rather than an informant, there is no need to show the party supplying the information was a credible person. The rationale for the victim or eyewitness exception is that the statements of such eyewitnesses are based on their own observation and thus are not likely to reflect “idle rumor of irresponsible conjecture.”
 

 Jones,
 
 504 So.2d at 1200 (internal citations omitted). Thus, even without the recorded phone call between Bankston and Carley, Deputy Johnson had probable cause for an arrest warrant. Bankston was given his
 
 *382
 

 Miranda
 
 warnings at the time of his arrest and before he was questioned at the sheriffs department. Finding that the trial judge did not abuse his discretion in allowing the statements into evidence, this issue is without merit.
 

 ¶ 18. THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, SEXUAL BATTERY, AND SENTENCE OF THIRTY YEARS, AND COUNT II, SEXUAL BATTERY, AND SENTENCE OF THIRTY YEARS, WITH THE SENTENCE IN COUNT II TO RUN CONCURRENTLY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
 

 [1]
 

 . In order to protect the identity of the minor victim, we have substituted a fictitious name for her. She will be referred to as Carley throughout this opinion.