# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01236-COA

**JOHN NETHERLAND**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/19/2022 |
| TRIAL JUDGE: | HON. MARK SHELDON DUNCAN |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN NETHERLAND (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/13/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1. John Netherland appeals the Neshoba County Circuit Court's denial of relief and summary dismissal of his motion for post-conviction relief (PCR), in which Netherland challenged the voluntariness of his guilty plea to the charge of the sale of methamphetamine. Netherland argues, among other things, that the evidence against him was obtained in violation of his constitutional rights (i.e., through an unreasonable search and seizure), that his indictment as a habitual offender was defective, and that he received ineffective assistance of counsel. After considering Netherland's arguments, as well as those of the State in response, we affirm the circuit court's order denying relief and dismissing Netherland's PCR motion.

**Facts**

¶2. On February 24, 2021, Netherland was indicted by a Neshoba County grand jury and charged as follows:

> John Edward Netherland . . . on or about May 2, 2019, did wilfully, unlawfully, feloniously and knowingly sell and deliver to MBN confidential informant #104-2019, a Schedule II controlled substance, namely Methamphetamine, in the amount of less than two (2) grams, in Neshoba County, Mississippi, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.

The indictment further charged Netherland as a second-time drug offender under Mississippi Code Annotated section 41-29-147 (Rev. 2018) because Netherland had been previously convicted of the felony crime of the sale of methamphetamine on March 14, 2011, for which he was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. In addition, because he was also convicted in federal court on January 5, 2001, for the felony crime of possession with intent to distribute methamphetamine and sentenced to a term of thirty-two months in the custody of the MDOC, Netherland was charged as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2020).

¶3. On March 4, 2021, Netherland waived the reading of the indictment and pleaded not guilty to the charges. He was appointed felony indigent counsel, Wade White, to represent him, and trial was set for the June 2021 term. Between March and June 22, 2021, Netherland's counsel changed, and Jeffrey Chalmers undertook his representation.[1]

¶4. On the day of the trial, June 22, 2021, with Chalmers at his side, Netherland changed

_____

[1] The reason for the change in counsel is not clear from the record. The docket for the criminal case is not included. In addition, nothing in the record supports Netherland's assertion that Chalmers was court-appointed.

his plea and pleaded guilty to the charges. Netherland was placed under oath and questioned by the court concerning his petition to plead guilty.

¶5. During that questioning, Netherland said he had reviewed the petition with his attorney, that it had been explained to him, and that he understood it. Netherland confirmed that he was sixty-five years old and had a GED and some college education. He said he was not under the influence of any drugs and did not take any medication. The court confirmed that Netherland was pleading guilty not only to the sale-of-methamphetamine charge, but also to being a second-time drug offender and habitual offender. The court reviewed with Netherland the consequences of such pleas, i.e., that he could receive double the punishment as a second-time drug offender and that he would have to serve all his sentence. Netherland agreed that he understood. Netherland confirmed that he was freely and voluntarily pleading guilty, that no one had promised anything to him or threatened him, and that it was his decision to plead, not his attorney's decision. Netherland stated that he was satisfied with his attorney, that his attorney had done a good job, and that he had no complaints about his attorney's performance.

¶6. The circuit court reviewed Netherland's constitutional rights with him to make sure Netherland understood what he was waiving, such as his right to a trial by jury, his right to confront and cross-examine witnesses against him, and his right to call his own witnesses and testify himself or remain silent. Netherland voiced understanding that all twelve jurors had to agree on a verdict and that if just one person voted not guilty, he could not be found guilty. Netherland said, "I figured that'd be a hung jury." Netherland said he understood he was

3

waiving his right to appeal any guilty verdict.

¶7. The circuit court read the facts of his crime from the indictment, i.e., that Netherland had allegedly sold methamphetamine to an informant for the Mississippi Bureau of Narcotics. The court asked Netherland if he was guilty of that crime, to which Netherland replied, "Yes, sir." Netherland also confirmed his prior charges and convictions. The State then stated that part of its proof against Netherland was an audio and video recording of the informant's purchase of the methamphetamine from Netherland. The substance the informant purchased was sent to the Mississippi Crime Laboratory, where it was tested and confirmed to be methamphetamine. The court confirmed with Netherland that these things were true.

¶8. The circuit court accepted Netherland's plea as freely and voluntarily given and sentenced him as a second-time drug offender and a habitual offender to a term of twelve years with four years suspended and eight years to serve in the custody of the MDOC and to pay a fine, restitution, and court costs. Upon release, Netherland would be placed on four years of post-release supervision.

¶9. On March 14, 2022, Netherland, pro se, filed a PCR motion in the Neshoba County Circuit Court with a twenty-one-point argument. Netherland claimed ineffective assistance of counsel, alleging that his lawyer failed to investigate the case, file any motions, make any objections, or call any witnesses, and he was charging Netherland $7,000 for representation. Netherland also alleged that his Fourth Amendment privacy rights were violated when the informant's drug purchase was videotaped without a warrant. Further, he contended that his

4

Fifth Amendment rights were violated when he was allowed to plead guilty when he should never have been charged because the evidence against him was illegally obtained. Netherland also contended that his Fourteenth Amendment due process rights were violated because of "prosecutorial misconduct in not protecting his constitutional rights." Finally, he alleged that his indictment was faulty because it did not conclude with the words "against the peace and dignity of the State" as required by the Mississippi Constitution.

¶10. Concerning his claim that his court-appointed attorney demanded a fee, Netherland said that his sister paid his attorney Chalmers $500 and that Chalmers repeatedly asked when the balance of the account would be paid. However, Netherland stated that because Chalmers was appointed by the court, no payment was owed and that Chalmers was extorting money from his family. Netherland also stated that Chalmers told him that with an additional $7,000 payment, he could get Netherland's case referred to drug court. Netherland filed an affidavit from his sister, Melody Winstead, who said that she gave attorney Jeffrey Chalmers $500 "to help pay his fees for representing Mr. Netherland on the case before you now." A receipt for that amount, signed by Chalmers, was attached and noted that the total amount of the account was $7,500 with a remaining balance of $6,500. Netherland also attached an affidavit from his son, Levi Netherland, who stated that he went to his father's attorney's office to pick up the files pertaining to his father's case. When he did so, the attorney asked him when the balance of his fee would be paid. Levi said the attorney had asked about this on several occasions.

¶11. Netherland also attached to his PCR motion documents that he said he obtained after

pleading guilty.[2]  Among them was a May 2, 2019 statement of the confidential informant #104-2019 concerning Netherland's drug sale to him.  The informant stated that he met with MBN (Mississippi Bureau of Narcotics) agents who searched him and his vehicle for contraband.  Nothing was found.  The agents then gave the informant $100, and the informant went to Netherland's home.  The informant asked Netherland for some methamphetamine.  Netherland gave him a bag of meth, and the informant paid Netherland $50.  The informant went directly to a pre-designated post-buy location and gave Agent Ogletree the meth and the remaining $50.  Ogletree searched the informant's vehicle again and found nothing else.  Ogletreee drafted the statement, and the informant initialed it.

¶12.    Netherland also attached law enforcement's report of the informant's buy, which included that the informant wore surveillance equipment to record the sale.  Also included was Agent Ogletree's report of his interrogation of Netherland following his arrest.  In that report, Ogletree said that Netherland admitted that he was back using methamphetamines and that he may have *given* someone some meth, but he did not remember *selling* anyone meth.

¶13.    The State did not respond to Netherland's motion at the trial level.  The circuit court denied relief and summarily dismissed Netherland's PCR motion in a detailed opinion filed on October 19, 2022.  On November 21, 2022, Netherland appealed, arguing that his guilty plea should be vacated because his constitutional rights were violated by the use of illegal

---

[2] On January 20, 2022, Netherland filed a "Motion for Records and Transcripts." However, on the same day it denied Netherland's PCR motion, the circuit court denied his motion, noting that an indigent prisoner is entitled to a free transcript if a judge certifies that the PCR claim is not frivolous and that the transcript is needed.  In this case, the court did have access to and reviewed the transcript of Netherland's plea hearing.  The court denied the provision of further records.

evidence obtained by an unreasonable search and seizure, the denial or his constitutional right to effective assistance of counsel, and his allegedly defective indictment.[3]

## Standard of Review

¶14.    A circuit court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2020). The Mississippi Supreme Court has stated that summary "dismissal of a PCR motion is proper where it appears beyond a doubt that the [movant] can prove no set of facts in support of his claim which would entitle him to relief." *State v. Santiago*, 773 So. 2d 921, 924 (¶11) (Miss. 2000) (quotation marks omitted). "Our review of the summary dismissal of a PCR motion, a question of law, is de novo." *Nichols v. State*, 265 So. 3d 1239, 1241 (¶6) (Miss. Ct. App. 2018) (citing *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999)).

*McConn v. State*, 355 So. 3d 779, 782-83 (¶9) (Miss. Ct. App. 2023). We review factual findings for clear error when a PCR is denied. *Batiste v. State*, 337 So. 3d 1013, 1021 (¶16) (Miss. 2022).

## Discussion

I.    **Whether Netherland's guilty plea should be vacated because the evidence against him was allegedly obtained in violation of his constitutional rights.**

¶15.    Netherland contends that his Fourth Amendment right to be free from an unreasonable search and seizure was violated when, without Netherland's consent, law enforcement audio

---

[3] Netherland also argues that he was under duress during the plea proceedings and was not capable of making rational decisions because he has suffered from clinical depression and had been on disability for thirty years. However, because Netherland did not raise this claim of medical infirmity in his PCR motion to the circuit court, we do not address it on appeal. "[I]ssues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court." *Hughes v. State*, 360 So. 3d 657, 660 (¶7) (Miss. Ct. App. 2023) (quoting *Bland v. State*, 312 So. 3d 417, 419 (¶11) (Miss. Ct. App. 2021)).

and videotaped his sale of the methamphetamine to the informant.[4]  However, despite Netherland allegations of constitutional violations, the transcript of Netherland's plea and sentencing hearing reveals that he was explained his constitutional rights but chose to waive them and plead guilty.  By doing so, Netherland waived his constitutional challenges to the evidence the State had against him.  In addition, notwithstanding the waiver, we find no merit to Netherland's claim that the videotape evidence constituted an unreasonable search.

¶16.    Directly on point to the issue of Netherland's waiver of his right to challenge the evidence is the case of *Burns v. State*, 984 So. 2d 1024, 1024-25 (¶¶1-2) (Miss. Ct. App. 2008).   In that case, Burns pleaded guilty to the sale of hydromorphone, which law enforcement found in a search of his vehicle.  *Id*.  Burns later filed a PCR motion, claiming that the search was unreasonable and violated his Fourth Amendment rights.  *Id*. at 1025 (¶3). On appeal, this Court found no error in the trial court's denial of Burns' PCR motion, holding that when Burns pleaded guilty, "he waived his right to challenge the State's evidence."  *Id*. at (¶7).  We quoted the United States Supreme Court's explanation of the impact of such a waiver, which is found in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973):

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea.

---

[4] Netherland also claims that the State violated his Fifth and Fourteenth Amendment rights by even charging him with a crime when the evidence the indictment was based on was illegally obtained evidence.  Netherland also contends that the use of the illegally obtained evidence in violation of his rights constituted prosecutorial misconduct.  Because all three claims relate to the State's audio and videotaped evidence of Netherland's guilt, we discuss them together.

*Burns*, 984 So. 2d at 1025 (¶7). We applied this same principle in *Williams v. State*, 328 So. 3d 222, 226 (¶9) (Miss. Ct. App. 2021), holding that "Williams' claim that he was subject to an 'unconstitutional suggestive line-up' is procedurally barred by the valid guilty plea."

¶17. In this case, the plea hearing transcript shows that the circuit court clearly advised Netherland of his constitutional rights. When the State outlined its proof against Netherland, Netherland raised no challenge to the admissibility of the audio and video surveillance recording the State intended to introduce. Netherland further stated that he was pleading guilty of his own volition and that no one was coercing him to do so. He said, under oath, that he understood the charges against him and the punishment he faced, and he still wished to plead guilty. By entering a valid guilty plea, Netherland waived his right to challenge the constitutionality of audio and videotaped evidence in a post-conviction motion.

¶18. Even if Netherland had not pleaded guilty, the circuit court was correct that the audio and video recordings did not violate Netherland's constitutional rights. In *Casas v. State*, 735 So. 2d 1053, 1055 (¶3) (Miss. Ct. App. 1999), law enforcement recorded conversations between an informant and the defendant discussing the details of the delivery and purchase price of marijuana and cocaine. In Casas's challenge to the admission of these conversations on appeal, we stated:

> The Mississippi Supreme Court has held that "[e]lectronic surveillance, 'bugging,' does not tread upon the constitutional rights of the Fourth Amendment when the consent of one of the parties is first obtained. The expectation of privacy, though perhaps shaken by the mistaken belief that a person to whom one voluntarily confides will not reveal the conversation does not reach constitutional proportions." *Everett v. State*, 248 So. 2d 439, 443 (Miss. 1971) (citing *Hoffa v. United States*, 385 U.S. 293 (1966)). Price consented to the officers eavesdropping on the conversations; therefore, the

agents did not have to seek a court order to record the exchange between the Casas and Price.

*Casas*, 735 So. 2d at 1058 (¶23).  Moreover, in *Bankston v. State*, 4 So. 3d 377, 381 (¶14) (Miss. Ct. App. 2008), we noted that a defendant had no reasonable expectation of privacy in a phone conversation with the victim of his crime.  We cited *Casas* and reiterated that "one contemplating illegal activities must realize and risk that his companions may be reporting to the police."  *Id*.  In the case at hand, Netherland ran the similar risk of selling drugs to an individual who turned out to be an informant wired to record the transaction.  Accordingly, the circuit court was correct in finding that the audio and video recordings in Netherland's case did not violate any of his constitutional rights.

II. **Whether Netherland's guilty plea was involuntary because he was allegedly denied his constitutional right to effective assistance of counsel.**

¶19.   Netherland argues that his attorney failed to adequately represent him, which he claims violated his Sixth Amendment right to effective assistance of counsel.  But "[a] voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *McConn*, 355 So. 3d at 783 (¶11) (quoting *Fortenberry v. State*, 151 So. 3d 222, 225 (¶10) (Miss. Ct. App. 2014)).   Therefore, when a defendant pleads guilty and later asserts a claim of ineffective assistance of counsel, he must show that but for his attorney's errors, he would not have pleaded guilty.

¶20.   In *McConn*, a case much like Netherland's, the defendant pleaded guilty to selling controlled substances and was sentenced to serve nine years.  *McConn,*  355 So. 3d at 781

(¶1). McConn later filed a PCR motion, claiming that his attorney failed to accept a plea deal offering a lesser sentence. *Id.* at 781-82 (¶4). When the trial court denied his motion, McConn appealed. *Id.* at 781 (¶1). In considering McConn's ineffective-assistance-of-counsel claim, we pointed out that his claim was contradicted by the transcript of his plea hearing and his sworn plea petition. *Id.* at 783 (¶12). McConn had testified under oath that he was satisfied with his attorney's services and that after consulting with his attorney, he had freely and voluntarily pleaded guilty. *Id.* The same occurred at Netherland's plea hearing. Netherland was asked if he had reviewed his plea petition with his attorney before signing it. He answered, "Yes, sir." He was asked if his attorney was making him sign the plea petition, to which Netherland replied, "No. He's not making me do it." He was asked if he was satisfied with his attorney and whether his attorney had done a good job. Netherland replied in the affirmative to both. The court then asked, "Any complaints about him you want to make to me right now?" Netherland responded, "None that I know of." As we stated in *Roberts v. State*, 346 So. 3d 929, 933-34 (¶16) (Miss. Ct. App. 2022),

> this Court has long held that solemn declarations in open court carry a strong presumption of verity. In addition, trial courts may place great emphasis upon declarations made under oath by a petitioner for post-conviction relief in open court during the taking of guilty pleas and sentencing.

(Citations and internal quotation marks omitted). Just as in *McConn*, the record of Netherland's plea hearing contradicts his claims of ineffective assistance of counsel.

¶21. Moreover, in *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995), the Mississippi Supreme Court stated that "in the post-conviction relief context that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." The supreme

11

court reiterated this point in *Walden v. State*, 201 So. 3d 1042, 1045 (¶14) (Miss. 2016), stating that the movant had an obligation to support his application with affidavits other than his own unless he has good cause for failing to obtain those affidavits. We also pointed out in *McConn* that "[t]o survive summary dismissal, McConn had to present some evidence—other than his own affidavit—to support his claim." *McConn*, 355 So. 3d at 783 (¶13). In *McConn*, the only supporting affidavit McConn presented was that of his bail bondsman who established that McConn had failed to appear at an earlier status conference. *Id*. at 782 (¶6). However, in his affidavit, the bail bondsman had no first-hand knowledge of any plea offer to McConn or any testimony to support McConn's contention that he had instructed his attorney to accept a more favorable plea. *Id*. at 783 (¶13). We found that McConn had failed to provide any competent evidence to support his claim, only his own affidavit, and the circuit court did not err in dismissing his PCR motion. *Id*. at 783-84 (¶13).

¶22. Likewise, in this case, Netherland provides no supporting evidence that relates to the voluntariness of his plea. In the attachment to his verified petition, Netherland only claimed ineffective assistance of counsel because his attorney (1) should have objected to Netherland's indictments, (2) was extorting money from him and his family, and (3) failed to object to the illegally obtained evidence. However, he fails to explain how any of these alleged failures influenced him to plead guilty. Netherland alleges that "after careful review of the performance of my attorney as well as prosecution, it is obvious that there was misconduct on both sides." However, Netherland says nothing under oath and provides no other evidence about his attorney's performance for us to review (e.g., no court docket or

details of any conversations with his attorney about what he had or has not done on the case).

¶23. Even if his own verified petition provided sufficient facts of possible attorney negligence, Netherland failed to attach any affidavits to support those claims. Netherland only attaches affidavits from his sister and his son involving their limited interactions with his attorney concerning payments made to him. The affidavits contained no information that supports Netherland's argument that his attorney failed to investigate his case, failed to challenge the introduction of the tapes (which we have already determined would have failed), or failed to check the authenticity of the proof. Accordingly, because the affidavits of Netherland's sister and son deal only with payments to the attorney and nothing about the substance or quality of the attorney's representation that may have led Netherland to plead guilty, we hold that the circuit court did not err in finding no merit to Netherland's claims of ineffective assistance of counsel.[5]

### III. Whether Netherland's conviction and sentence should be vacated because of an allegedly defective indictment.

¶24. Netherland argues that his indictment was defective because each count did not conclude with the language "against the peace and dignity of the State" as, Netherland contends, is required by Article 6, section 169 of the Mississippi Constitution. Netherland cites *McNeal v. State*, 658 So. 2d 1345 (Miss. 1995), as authority in support of his position.

---

[5] Netherland also claims that his allegedly court-appointed attorney, Chalmers, was illegally charging him for representation. However, in its opinion, the circuit court said that it reviewed the record which showed that "Netherland was appointed Wade White as FIC counsel, not Jeremy Chalmers. Jeremy Chalmers was retained counsel [and] was well within his rights to expect payment." In addition, Netherland has not shown how the fact that his attorney was charging him affected his choice to plead guilty.

13

However, later authority, specifically *Marshall v. State*, 136 So. 3d 443, 446 (¶8) (Miss. Ct. App. 2013), has held that this defect in an indictment may be waived if it is not timely raised.[6] *Accord Hathorne v. State*, No. 2021-CT-00306-SCT, 2023 WL 7398722, at *4 (¶18) (Miss. Nov. 9, 2023) (distinguishing arguments about indictments).

¶25.    Article 6, section 169 of the Mississippi Constitution provides:

> The style of all process shall be "The State of Mississippi," and all prosecutions shall be carried on in the name and by authority of the "State of Mississippi," and all indictments shall conclude "against the peace and dignity of the state."

*McNeal* held that an indictment should conclude with this specific language. *McNeal*, 658 So. 2d at 1350. In that case, McNeal's indictment for the crime of burglary ended with the words "against the peace and dignity of the State." *Id*. at 1348-49. On a separate page, the indictment also charged him as a habitual offender but did not include that language, which McNeal argued resulted in the State's failure to properly charge him as a habitual offender and required that his habitual offender sentence be vacated. *Id*. The State argued that the failure to include the language in the habitual offender charge was a mere technical violation. *Id*. On appeal, the Mississippi Supreme Court considered the arguments of both and concluded:

> This is not an instance where this Court can argue semantics. The word "conclude" is neither ambiguous nor vague. It simply means "to bring to an end." Webster's New Collegiate Dictionary (1974). Even though McNeal was not prejudiced in this instance, § 169 of the state constitution was not complied

---

[6] The circuit court did not address this argument but found that the indictments were not defective because they listed the necessary elements of the charges and put Netherland on notice. *See Hughes*, 30 So. 3d at 660 (¶6) ("[O]n appeal this Court may affirm a circuit court's ruling for different reasons than those offered by the circuit court.")

14

with and that portion of the indictment charging McNeal as an habitual offender was fatally defective.

*Id*. at 1350. The supreme court did not vacate McNeal's conviction of burglary—only his sentencing under the habitual offender statute. *Id.*

¶26. However, in *Brandau v. State*, 662 So. 2d 1051, 1053 (Miss. 1995), where Brandau's indictments of kidnaping and robbery failed to conclude with the words "against the peace and dignity of the State of Mississippi," the supreme court held:

> [T]he formal defect is curable by amendment. It follows, therefore, that it is subject to waiver for the failure to demur to the indictment in accordance with our statute. *Bolen v. State*, 309 So. 2d 524 (Miss. 1975).

*Id*. at 1055. Because Brandau did not object to the wording of the indictment at trial, the supreme court held that he waived the issue on appeal. *Id*.

¶27. Almost directly on point, in *Marshall*, 136 So. 3d at 445 (¶8), we held that this type of indictment defect can be waived when a defendant pleads guilty. In that case, Marshall was indicted for selling cocaine and charged as a habitual offender. *Id*. at 444 (¶1). He pleaded guilty and later filed a PCR motion, claiming, among other things, that his indictment was defective because the habitual offender language in the indictment was preceded by the charge of cocaine which included the phrase "against the peace and dignity of the State." *Id*. at (¶2). On appeal, we stated:

> In *Voyles v. State*, 822 So. 2d 353, 358 (¶¶20-22) (Miss. Ct. App. 2002), this Court considered this issue and found that the failure to object to language in the indictment waived the issue. More recently, the Supreme Court has stated "that the inclusion of the habitual offender portion of an indictment after the words 'against the peace and dignity of the State of Mississippi' does not affect a fundamental right and may be waived on appeal." *Ross v. State*, 954 So. 2d 968, 1015 (¶126) (Miss. 2007) (citing *Crawford v. State*, 716 So.2d

15

1028, 1050-51 (¶83) (Miss. 1998) (superseded on other grounds)).

*Marshall*, 136 So. 3d at 446 (¶8). In that case, we held that because Marshall did not object to the indictment at the trial level in his original criminal proceeding, he had waived the issue on appeal. *Id*. at (¶9).

¶28. More recently, in *Collins v. State*, 311 So. 3d 1285, 1290-91 (¶15) (Miss. Ct. App. 2021), we rejected a similar argument Collins made in his PCR motion. He too claimed that his indictment was defective because it did not conclude with the words "against the peace and dignity of the State." *Id*. Even though the concluding statement is required, we held that their absence "must be raised as a demurrer to the indictment and are waived by a valid guilty plea." *Id*. Because nothing in the record showed that Collins had objected to his indictment prior to pleading guilty, we held that the issue was waived. *Id*. Similarly, in this case, there is no proof in the record that Netherland objected to the form of the indictment before pleading guilty. Accordingly, pursuant to precedent, we find that Netherland waived this issue on appeal.

**Conclusion**

¶29. We affirm the circuit court's denial and dismissal of Netherland's PCR motion because we find no reversible errors in the court's finding that Netherland's Fourth, Fifth, and Fourteenth Amendment rights had not been violated when law enforcement audiotaped and videotaped Netherland selling drugs to an informant. Moreover, we affirm the circuit court's ruling that Netherland had not established an ineffective-assistance-of-counsel claim. Finally, we find that Netherland had waived his challenge to the form of his indictment.

16

¶30. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**