821 So.2d 883 (2002)
Clifford WILLIAMS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01154-COA.
Court of Appeals of Mississippi.
April 23, 2002.
Rehearing Denied July 16, 2002.
*885 Clifford Williams, pro se, attorney for appellant.
Office of the Attorney General, by John R. Henry Jr., attorney for appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
BRANTLEY, J., for the court.
¶ 1. Clifford Williams, pro se, appeals an order of the Circuit Court of Grenada County, Mississippi denying his petition for post-conviction relief as frivolous. He alleges that his guilty plea to the charges of sale or transfer of cocaine was not voluntarily given, that he received ineffective assistance of counsel, and that his motion was not frivolous. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On January 20, 1998, Williams pled guilty to two counts of sale or transfer of cocaine. In Count I, Williams was sentenced to serve a term of twenty years, six years suspended for a period of five years, the remaining fourteen years to serve. The sentence of Count II was identical to Count I and was ordered to run concurrently with the sentence imposed in Count I.
¶ 3. On November 22, 2000, Williams filed a motion for post-conviction relief. On February 16, 2001, Williams filed a motion for reconsideration and reduction of sentence. Williams also filed a motion to amend his original post-conviction relief motion on March 14, 2001. Without granting a hearing, on June 21, 2001, the circuit court denied Williams's post-conviction relief motion for being frivolous. The motion for reconsideration was denied on July 18, 2001, because the court did not have the authority to reduce, suspend, or modify Williams's sentences.

ANALYSIS
¶ 4. "If a prisoner is seeking post-conviction relief and is proceeding pro se, in the court's discretion, we will `credit not so well pleaded allegations so that a prisoner's meritorious complaint may not be lost because inartfully drafted.'" Retherford v. State, 749 So.2d 269, 272 (¶ 6) (Miss.Ct.App.1999).

I. Whether Williams's plea was knowingly, voluntarily, and intelligently entered.
¶ 5. Williams's first assertion of error is that he did not enter an intelligent and voluntary plea because he allegedly lacked the requisite understanding of his constitutional rights and the nature and consequences of entering a plea based on his minimum education (sixth grade education) and the influence of drugs that still lingered in his system. In determining whether the entry of a plea of guilty was properly accepted by the trial court, we are bound by the rule that the plea must be entered voluntarily and intelligently. Goss v. State, 730 So.2d 568, 573 (¶ 20) (Miss.1998). The defendant must be advised of the nature of the crime charged and the consequences of the guilty plea. Id.
*886 ¶ 6. "When the record contains pleadings that are in direct conflict with the transcript derived from the guilty plea hearing, a petition for post-conviction relief is properly dismissed." Martin v. State, 749 So.2d 375, 378 (¶ 9) (Miss.Ct.App. 1999). Based on the transcript of the plea hearing, it is clear that Williams's entry of a guilty plea was done in a knowing, voluntary, and intelligent manner. Williams advised the court that he was not under the influence of drugs or alcohol. He also offered no support for this argument that the effects of the drugs lingered in his system. The court advised Williams that at any time during the proceedings if he did not understand something, that he should let the court know, and the court would go over with him what he did not understand, until he was in complete understanding of the proceedings. Williams's attorney responded to questions from the court that he had prepared the petition to the guilty plea, that he had gone over the petition with Williams, and that he was satisfied that Williams understood his rights and the nature and consequences of the plea. The court advised Williams of his rights and the effect upon those rights resulting from a guilty plea. Williams confirmed that he understood his constitutional rights, that he understood the range of punishment available, and that he had not received any promises or suggestions of leniency in exchange for his guilty plea.
¶ 7. Review of the entire record did not expose any fact that would call into question the findings of the trial court. Williams had a rational mind and was in complete understanding of every matter that he was advised of by the court. This assignment of error is without merit.

II. Whether Williams received ineffective assistance of counsel.
¶ 8. In determining whether Williams received ineffective assistance, he must prove his attorney's performance was defective and the deficiency deprived him of a fair trial. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). This deficiency is assessed by looking at the totality of the circumstances. Id. There is also a strong presumption the attorney's conduct fell within the wide realm of reasonable professional assistance, and this review is highly deferential to the attorney. Id.
¶ 9. As part of his motion for relief, Williams alleged that his counsel allowed him to enter a guilty plea that he did not understand, coerced him into pleading guilty, failed to pursue an alibi defense, and failed to object to alleged defects in the indictment. As to his claims of misunderstanding and coercion, Williams's sworn statements in both his petition to enter a guilty plea and during the plea colloquy are to the contrary. For post-conviction relief, an inmate does not provide sufficient factual support for a claim of ineffective assistance of counsel by offering only his own affidavit. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). The only evidence of these first two assertions by Williams was in his own pleadings. Williams has not met his burden and these claims of error are without merit.

a) Alibi Defense
¶ 10. Williams contends that his attorney's performance was deficient by not further investigating his alibi. He alleges that he was at work the day of the crime. Over three years after Williams petitioned the court to accept his guilty plea and three months after Williams's original post-conviction relief motion, Williams's brother, Archie, filed an affidavit stating that Williams was working on August 1, 1996, the date of the crime.
¶ 11. One role of an attorney is to explain the options the client has and then to pursue the options the client wants to take. During the plea hearing, Williams confirmed his counsel's statements that they *887 discussed any possible defenses. In Blanch v. State, this Court stated that it could not find fault when an attorney had a candid discussion with his client where the attorney encouraged the client to plead guilty. Blanch v. State, 760 So.2d 820, 825 (¶ 11) (Miss.Ct.App.2000). The attorney's representation would have been deficient if the attorney had not discussed this with his client. Id. Williams also confirmed that he was totally satisfied in all respects with the representation of his attorney. Thus, it is not the attorney's fault Williams decided pleading guilty would better serve his interests than a trial would.
¶ 12. The only evidence Williams offered to prove deficiencies in his counsel's performance is the affidavit of his brother. However, this affidavit directly contradicts Williams's sworn testimony during the plea hearing and his statements in the plea petition. Without more, Williams's sworn statements made during the plea hearing must be presumed to be valid and, as such, those contrary assertions contained in his motion and Archie's affidavit are merely a sham. Taylor v. State, 682 So.2d 359, 364 (Miss.1996).
¶ 13. We find Archie Williams's affidavit supposedly establishing Williams's alibi defense less than satisfactory. Even if accepted as true, this statement does almost nothing to establish an alibi defense to a criminal charge based on an incident occurring on the same specific date. Williams could have committed the crime and worked on the same date. This evidence, in our view, was not of such weight and worth as to convince us that the trial court erred in denying Williams relief based on a claim that his attorney's performance was deficient in pursuing his alibi. This issue is without merit.

b) Defective indictment
¶ 14. Williams claims that his counsel's performance was inadequate because he failed to object to two alleged deficiencies in the indictment, an incorrect date and an unspecified amount of drugs. Williams's first claim is without merit. Failure to state the correct date of the alleged offense will not render an indictment insufficient. Davis v. State, 760 So.2d 55, 60 (¶ 15) (Miss.Ct.App.2000).
¶ 15. Williams's second claim, that the indictment did not provide a specified amount of cocaine, was asserted as an amendment to his original motion and was not specifically addressed by the trial court. Williams contends that the sentencing guidelines specify that the quantity of drugs must be defined. He alleges that his counsel, by not objecting, subjected him to an excessive sentence because the indictment stated that Williams transferred, sold a "quantity" of cocaine instead of a specific amount.
¶ 16. The indictment was not defective. Williams's interpretation of the statute is misplaced because Miss. Code Ann. Section 41-29-139(a)(1), (b)(1) (Rev.2001) does not provide for any specified amount of cocaine for the sentencing of a schedule II, cocaine violator, unless you are charged with "trafficking," which carries a greater penalty. The only other amounts specified for sentencing a seller are for a marihuana violator. He was informed of the correct maximum sentence, thirty years on each count and a one million dollar fine. Williams benefitted from his attorney's performance because he received concurrent sentences for both counts for twenty years with six suspended and a suspended five thousand dollar fine. This assignment of error is without merit.

III. Whether the circuit court erred in revoking sixty days of earned time credit under Miss. Code Ann. Section 47-5-138 for the filing of a frivolous post-conviction relief motion.
*888 ¶ 17. The purpose of the statute is to reduce frivolous filings on the part of all those incarcerated individuals, whether literate or illiterate, pro se or represented by counsel. Holt v. State, 757 So.2d 1088 (¶ 11) (Miss.Ct.App.2000). After finding that the arguments were frivolous, the trial judge ordered the Mississippi Department of Corrections to forfeit sixty days of Williams's earned time credit pursuant to Miss. Code Ann. § 47-5-138. Williams challenges this forfeiture.
¶ 18. We agree with the trial court's findings that Williams's arguments in his post-conviction relief motion and amendment are without merit. Based on this statutory provision, the trial court acted within appropriate boundaries when ordering the forfeiture. Therefore, this assignment of error is without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DENYING POST CONVICTION RELIEF AS FRIVOLOUS IS AFFIRMED. ALL COSTS ARE ASSESSED TO GRENADA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.