McMILLIN, C.J., for the court.
¶ 1. Tony Hampton has appealed from the judgment of the Circuit Court of Lowndes County denying relief on a motion filed in September 2002. The motion sought relief from a guilty plea Hampton entered to a felony indictment in that court in November 2000. The circuit court treated the pleading as an action brought *828 pursuant to Mississippi’s post-conviction relief statutes and denied relief without a hearing. Hampton has appealed that determination.
¶ 2. Though Hampton’s pleadings do not conform to the statutory requirements for a motion for post-conviction relief, it is plain that, based on the ground for relief asserted by Hampton, a post-conviction relief proceeding was his only available procedural vehicle to bring his grievances to the attention of the circuit court. The court was, therefore, correct in treating the proceeding under the applicable statutes.
¶ 3. Section 99-39-11(2) of the Mississippi Code provides that the circuit court, upon review of the motion, may dismiss the motion without the necessity of a hearing if it appears on the face of the pleading that no relief is warranted. Miss. Code Ann. § 99-39-11(2) (Rev.2000).
¶ 4. Insofar as this Court is able to grasp Hampton’s pro se pleadings and brief, Hampton contends that the indictment charging him with the sale of an illegal narcotic was fatally defective on its face because it failed to properly identify the nature of the narcotic substance and the quantity of drugs involved in the transaction. Hampton argues that, because the maximum punishment for such an offense is dependent upon such facts, they are essential elements of the crime that must be set out in the indictment. He cites, in support of that proposition, the United States Supreme Court case of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). That case held that any fact, except prior criminal convictions, having the potential to increase the maximum punishment for an offense is an element of the crime that must be alleged and proven to the satisfaction of the fact-finder beyond a reasonable doubt. Id. at 490.
¶ 5. This Court concedes the validity of Hampton’s contention in the abstract that the nature and quantity of the drug involved is an essential element of the crime that must be alleged in the indictment and proven beyond a reasonable doubt at trial. However, we are unable to understand how the facts of this case demonstrate his entitlement to relief based on this proposition. The indictment to which he pled guilty charges, in part, that he “did unlawfully ... sell a controlled substance, to-wit: Cocaine, to Diane Lowe, in an amount of 1.25 grams....” Despite this wording in the indictment, Hampton contends in his brief that “the appellant’s information failed to state any quantity of drug for which he pled guilty to.” His contention of error therefore lacks any basis in fact.
¶ 6. Hampton makes this further argument: “Nor did the trial court instruct the jury that they had to find a specific quantity of drug as an element in determination .... ” We do not understand this alternate argument. By entering a guilty plea, Hampton waived his right to a jury trial to dispute any of the essential factual elements of the crime laid out in the indictment. We are satisfied, even giving Hampton’s pleadings the most liberal construction possible, that he has failed to set out any fact or legal theory that would entitle him to have his guilty plea set aside and the indictment against him dismissed.
¶ 7. In a supplemental brief permitted by order of the Mississippi Supreme Court, Hampton further charges a defect in his sentence arising out of the fact that the trial court erroneously believed that it was not within that court’s authority to order Hampton’s sentence to run concurrently with another sentence arising out of a federal conviction and that, as a result, his punishment is more severe than it otherwise might have been had the trial court *829 understood that it could order the sentences to be served concurrently. This matter was not raised initially before the trial court and, under long-standing ease law in this State, may not, for that reason, be raised for the first time on appeal. Mitchell v. Glimm, 819 So.2d 548, 552(¶ 11) (Miss.Ct.App.2002) (citing Gatlin v. State, 724 So.2d 359, 369(¶ 43) (Miss.1998)). We have carefully reviewed the supreme court order permitting Hampton to file this supplemental brief and, though the order certainly permits Hampton to file this further pleading, we do not construe the terms of the order as requiring this Court to address the merits of an issue raised in the pleading that is procedurally barred under long-standing principles of Mississippi law.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.