923 So.2d 256 (2006)
Kedrick Deshune CLARK a/k/a Kedrick Clark, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-02305-COA.
Court of Appeals of Mississippi.
March 7, 2006.
Kedrick Deshune Clark, Appellant, pro se.
W. Daniel Hinchcliff, attorney for appellee.
*257 Before LEE, P.J., IRVING and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Kendrick Clark pled guilty in the Circuit Court of Copiah County to a charge of armed robbery. Subsequently he filed a motion for post-conviction relief in the circuit court, where the motion was summarily dismissed. Aggrieved, Clark appeals to this Court, asserting that he received ineffective assistance of counsel and that the indictment charging him with armed robbery was fatally defective. Finding that the record shows these suggestions of error are without merit, we affirm.

INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 2. The standard of review applied to claims of ineffective assistance of counsel is that decisions of counsel are given deferential review, especially those going to trial strategy, and to succeed in such a claim, there must be showing of such deficient performance that actual prejudice arose, and but for that prejudice there is a reasonable probability that the trial's outcome would have been different. Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 3. Clark asserts that his counsel failed to inform him that the indictment was defective, regarding the specificity of the elements of the crime of armed robbery, and that counsel failed to move to quash the indictment. The indictment referenced a gun and "a deadly weapon," rather than specifically referencing a gun and a knife. Therefore, Clark contends the indictment was impermissibly vague. An indictment must specifically reference the elements of a charged offense so that it informs a defendant of the charges against him and the possible defenses to the charged offense. Parisie v. State, 848 So.2d 880(¶ 22) (Miss Ct.App.2002). In this case, the indictment was not impermissibly vague in giving Clark notice of the weapons used in the armed robbery. Therefore, there can be no showing of ineffective assistance of counsel. This issue is without merit.
¶ 4. Clark asserts that his counsel failed to inform him that the indictment was defective and that counsel failed to move to quash the indictment. Clark claims the indictment was defective because he only attempted armed robbery. In his motion for post-conviction relief, Clark states that he and an accomplice, did try to rob a branch of Trustmark National Bank. Clark confesses that he and an accomplice waited for an employee and forced the employee to open the bank by threatening him with a gun and knife. Clark claims the employee was able to run away, after having his clothes torn as he struggled to escape, without actually having to turn over the bank's property to Clark and his accomplice. Clark asserts that the statement of the bank employee, which the State relied upon in preparing the indictment, could not support a charge of armed robbery. Clark claims that the indictment, at most, could charge attempted armed robbery. This argument is misplaced. In Mississippi, an attempt to take the property of another by the display of a deadly weapon, putting another in imminent fear of bodily harm constitutes armed robbery. Miss.Code Ann. § 97-3-79 (Rev. 2000). Therefore, both the misstatement of the law, as well as Clark's own admission in his pleadings, show there can be no finding of ineffective assistance of counsel. This issue is without merit.

DEFECTIVE INDICTMENT
¶ 5. Clark re-asserts the merits of the indictment which underlie the assertions of *258 ineffective assistance of counsel. Additionally, he asserts several contentions that the indictment was flawed for not specifically referring to facts that occurred during the "attempt" to rob the bank. A valid guilty plea waives all non-jurisdictional defects to an indictment. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). Therefore, even if from the pleadings and the record before us it was not clear that the claims raised are patently without merit, the issues Clark seeks to raise are barred by his plea. This issue is without merit.
¶ 6. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT DENYING THE PETITION FOR POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.