CARLTON, J.,
 

 for the Court.
 

 ¶ 1. On May 6, 2008, a Leake County jury found Javoras Moten guilty of simple assault of an employee of a private correctional facility in violation of Mississippi Code Annotated section 47-4-1 (Rev.2004). He was sentenced to serve four and one-half years in the custody of the Mississippi Department of Corrections (MDOC) with the sentence to run consecutively to any prior sentence he was serving. Moten argues on appeal that the indictment was fatally defective; thus, the trial court erred in failing to grant his motion for a directed verdict, request for a peremptory instruction, and motion for a new trial.
 
 *759
 
 We find no error and affirm Moten’s conviction and sentence.
 

 FACTS
 

 ¶ 2. On November 1, 2007, LaDonna Jenkins, a correctional officer at Walnut Grove Correctional Facility, was going from cell to cell picking up dinner trays. During this time, the inmates were on lock-down in their cells. Jenkins testified that when she unlocked Moten’s cell to get his tray, Moten stepped outside of his cell and informed Jenkins that he was not locking down. He told Jenkins that she should call someone, because he wanted to leave his cell zone and go somewhere else. Jenkins tried to secure Moten’s door several times, but he would run between the door so she could not shut it. Jenkins stated that she noticed that Moten had placed an object in the door to prevent it from locking properly. Jenkins testified that when she tried to take the object out, Moten swung at her and hit her with his fist in her upper body, which led to a physical altercation between the two of them. Jenkins testified that during the altercation, she slipped on some carrots on the floor, causing her to fall and bruise her knee.
 
 [1]
 
 Moten ran back into his cell, and Jenkins called for assistance.
 

 ¶ 3. On May 6, 2008, a jury found Moten guilty of simple assault of an employee of a private correctional facility. He was sentenced to four and one-half years in the custody of the MDOC with the sentence to run consecutively to any prior sentence he was serving. Moten timely appeals his conviction, alleging the following assignment of error: the indictment was fatally defective; thus, the trial court erred in failing to grant his motion for a directed verdict, request for a peremptory instruction, and motion for a new trial. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 4. The issue of whether an indictment is fatally defective is a question of law; therefore, the standard of review is de novo.
 
 Qualls v. State,
 
 947 So.2d 365, 369(¶ 9) (Miss.Ct.App.2007) (citations omitted).
 

 ¶ 5. This Court has set forth the standard for reviewing the denial of a motion for a directed verdict as follows: “all evidence supporting a guilty verdict is accepted as true, and the prosecution must be given the benefit of all favorable inferences that can be reasonably drawn from the evidence.”
 
 Cortez v. State,
 
 876 So.2d 1026, 1030(¶ 11) (Miss.Ct.App.2003) (citing
 
 Nelson v. State,
 
 839 So.2d 584, 586(¶ 3) (Miss.Ct.App.2003)). “A motion for a directed verdict challenges the sufficiency of the evidence.”
 
 McMillan v. State,
 
 6 So.3d 444, 446(¶ 8) (Miss.Ct.App.2009) (citing
 
 Bush v. State,
 
 895 So.2d 836, 843(¶ 16) (Miss.2005)). In
 
 Bush,
 
 the Mississippi Supreme Court expressed that “the critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed.’ ”
 
 Id.
 
 (citing
 
 Carr v. State,
 
 208 So.2d 886, 889 (Miss. 1968)). If any rational trier of fact, when viewing the evidence in the light most favorable to the State, could have found that the essential elements of the crime existed beyond a reasonable doubt, this Court “will affirm the denial of a motion for a directed verdict.”
 
 McMillan,
 
 6 So.3d at 446(¶ 8). “If we find that reasonable, fair-minded jurors could have concluded
 
 *760
 
 that the defendant was guilty of the accused crime, the evidence will be deemed sufficient.”
 
 Id.
 
 “The standard of review for peremptory instructions and directed verdicts are the same.”
 
 Wall v. State,
 
 718 So.2d 1107, 1111(¶ 15) (Miss.1998). In
 
 Ross v. State,
 
 954 So.2d 968, 1016 (¶ 127) (Miss.2007) (citing
 
 Bush,
 
 895 So.2d at 844(¶ 18)), the supreme court set forth the standard of review for a motion for a new trial as follows:
 

 A motion for new trial challenges the weight of the evidence[;][w]hen reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will disturb a verdict only when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.
 

 When weighing the evidence, the Court, sitting as a thirteenth juror, views the evidence in the light most favorable to the verdict.
 
 Id.
 

 DISCUSSION
 

 ¶ 6. Moten argues that “the indictment was fatally defective; the court erred in failing to grant [his] motion for [a] directed verdict, request for [a] peremptory instruction and motion for a new trial.” However, we find that the foundation of Moten’s argument is whether the indictment was defective. We will address this issue first, and then address the denial of his motions for a directed verdict, a peremptory instruction, and a new trial.
 

 ¶ 7. Moten contends that the indictment in the present case was fatally defective in that it did not charge him expressly with simple assault; instead, it described an act that constitutes simple assault. Moten alleges that the defective indictment did not provide him with sufficient notice of the nature and cause of the accusation, which ultimately prejudiced his defense. Indictments purport “to inform the defendant with some measure of certainty as to the nature of the charges brought against him so that he may have a reasonable opportunity to prepare an effective defense.”
 
 Qualls,
 
 947 So.2d at 369(¶ 9) (citing
 
 Moses v. State,
 
 795 So.2d 569, 571(¶13) (Miss.Ct.App.2001)). Uniform Rule of Circuit and County Court 7.06 mandates that the indictment shall contain “the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.”
 

 ¶ 8. In
 
 Richmond v. State,
 
 751 So.2d 1038, 1046(¶ 19) (Miss.1999) (citation omitted), the Mississippi Supreme Court expressed that “[s]o long as from a fair reading of the indictment, taken as a whole, the nature and cause of the charge against the accused are clear, the indictment is legally sufficient.” In sum, “[a]n indictment must specifically reference the elements of a charged offense so that it informs a defendant of the charges against him and the possible defenses to the charged offense.”
 
 Clark v. State,
 
 923 So.2d 256, 257(¶ 3) (Miss.Ct.App.2006) (citation omitted). This Court notes that “[t]he ultimate test, when considering the validity of an indictment on appeal, is whether the defendant was prejudiced in the preparation of his defense.”
 
 Fuqua v. State,
 
 938 So.2d 277, 281(¶11) (Miss.Ct. App.2006) (quoting
 
 Medina v. State,
 
 688 So.2d 727, 730 (Miss.1996)).
 

 ¶ 9. The indictment against Moten states:
 

 Javoras Moten late of the County aforesaid, on or about the 1st day of November in the year of our Lord, 2007, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully, feloniously, purposely and knowingly cause bodily injury to LaDon-na Jenkins with his fist, at a time when
 
 *761
 
 the said LaDonna Jenkins was acting within the scope of her employment with the Walnut Grove Youth Correctional Facility, contrary to and in violation of Section 47-4-1, Miss. Code Ann. (1972), against the peace and dignity of the State of Mississippi.
 

 ¶ 10. Here, the indictment charges that Jenkins suffered bodily injury as a result of Moten’s striking her with his fist. Mo-ten argues that the language is defective because it is undisputed that striking Jenkins with his fist did not cause her any injury; instead, her injury was a result of falling on the floor. Moten argues that his trial counsel reasonably could have prepared a defense that Moten’s hitting Jenkins with his fist caused no injury, but as a result of the defective indictment, Moten did not have sufficient notice necessary to prepare his defense properly. In the present case, we find that from reading the indictment as a whole, the nature and cause of the charge against Moten are clear, and the indictment properly informs Moten of the possible defenses to the charged offense of “willfully, unlawfully, feloniously, purposely and knowingly [causing] bodily injury to LaDonna Jenkins.”
 
 See Richmond,
 
 751 So.2d at 1046(¶19);
 
 Clark,
 
 923 So.2d at 257(¶3). Moten has not further demonstrated how he was prejudiced in the preparation of his defense, and we find that this issue is without merit.
 

 ¶ 11. Moten submits that to support a conviction, the proof at trial must conform to the indictment in all material particulars. Moten argues that because his allegedly striking Jenkins with his fist did not directly causé her injury, the evidence presented at trial failed to conform to the material allegation in the indictment, and it failed to prove that allegation beyond a reasonable doubt. He alleges that as a result, he was entitled to a directed verdict and a peremptory instruction. Although Jenkins admitted at trial that she did not suffer bruising on her upper body as a direct result of being hit by Moten, she did suffer an injury to her knee when she slipped on carrots and fell onto the floor during the altercation. Jenkins testified that if she had not been “tussling” with Moten, she would not have slipped on the carrots, fallen, and injured her knee. Thus, Jenkins has established that she suffered an injury as a result of Moten’s striking her with his fist, as stated in the indictment. When viewing the evidence in the light most favorable to the State, we find that the State proved beyond a reasonable doubt every necessary allegation of the indictment. Therefore, we find that the trial court did not err in denying Mo-ten’s motion for a directed verdict or request for a peremptory instruction. This issue is without merit.
 

 ¶ 12. Moten’s argument for a new trial stems from the same basis as his argument for a directed verdict and request for a peremptory instruction. We find that the trial court was within its discretion when it found that the jury properly weighed the evidence and determined that the State established that Jenkins suffered an injury as a result of Moten’s striking her with his fist. Viewing the evidence in the light favorable to the verdict, we find that allowing the verdict to stand would not sanction an injustice, and the trial court properly denied Moten’s motion for a new trial. This issue is without merit.
 

 ¶ 13. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF CONVICTION OF SIMPLE ASSAULT OF AN EMPLOYEE OF A PRIVATE CORRECTIONAL FACILITY AND SENTENCE OF FOUR AND ONE-HALF YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SEN
 
 *762
 
 TENCE TO RUN CONSECUTIVELY TO ANY PRIOR SENTENCE THE DEFENDANT IS SERVING, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Jenkins testified at trial that she did not receive any bruising on her upper body as a result of being hit by Moten. The only injury she suffered as a result of the altercation was the bruise on her knee.