BARNES, J.,
for the Court:
¶ 1. Willie Marshall Jr. was indicted by a Bolivar County grand jury on April 29, 1986, for possession of cocaine with intent to sell pursuant to Mississippi Code Annotated section 41-29-139 (Supp.1985). The indictment noted that Marshall was to be charged as a habitual offender under Mississippi Code Annotated section 99-19-81 (Supp.1985) and listed twenty prior convictions with sentences of one year or more to support the classification. On September 22, 1986, Marshall pleaded guilty to the charge, and the circuit court sentenced him to the maximum penalty of thirty years in the custody of the Mississippi Department of Corrections and a $1,000,000 fine.
¶ 2. On December 15, 2011, Marshall filed a motion for post-conviction relief (PCR) with the Bolivar County Circuit Court. In the PCR motion, Marshall claimed: (1) he was denied due process, as the indictment failed to specifically provide the amount of cocaine and, therefore, failed to allege an essential element of the crime; (2) he was denied due process because the habitual-offender language in the indictment was preceded by the phrase “against the peace and dignity of the State”; and (3) his sentence exceeds the maximum allowed by law. As observed by the circuit court in its order, Marshall has sought relief from his 1986 conviction “in almost every possible legal forum during the past twenty-five years,” which normally would procedurally bar the claims in his PCR motion from review. See Miss.Code Ann. § 99-39-23(6) (Supp.2012). He is *445 also well outside the three-year statute of limitations for filing a PCR motion. See Miss.Code Ann. § , 99-39-5(2) (Supp. 2012). However, the circuit court declined “to apply procedural bars to any claim that involve[d] a fundamental right” and addressed the merits of Marshall’s claims. The circuit judge concluded that “all of Marshall’s claims are either without merit, have been waived, or are procedurally barred.” Accordingly, the circuit court denied the PCR motion on February 6, 2012.
¶ 3. On appeal, Marshall cites fourteen assignments of error; however, as noted above, only three issues were contained in his PCR motion before the circuit court. “[A] defendant who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal.” Fluker v. State, 17 So.3d 181, 183 (¶ 5) (Miss.Ct.App.2009) (citing Gardner v. State, 531 So.2d 805, 808-09 (Miss.1988)). Therefore, we will review only those issues addressed by the circuit court.
STANDARD OF REVIEW
¶ 4. “When reviewing a denial of a PCR motion, this Court will not reverse the circuit court’s factual findings unless they are clearly erroneous.” Bell v. State, 105 So.3d 401, 403 (¶ 5) (Miss.Ct.App.2012) (citing Smith v. State, 12 So.3d 563, 564 (¶ 4) (Miss.Ct.App.2009)). Questions of law, however, are reviewed de novo. Id.
DISCUSSION
I. Whether the indictment failed to contain an essential element of the charged offense.
¶ 5. In his motion, Marshall claimed that “the indictment failed to provide the nature and cause of the accusation, namely ‘two (2) grams but less than ten (10) grams,’ ” and this failure affected his fundamental right of due process. Marshall cited Hampton v. State, 860 So.2d 827 (Miss.Ct.App.2003), to support his claim. In Hampton, this Court held “that the nature and quantity of the drug involved is an essential element of the crime that must be alleged in the indictment and proven beyond a reasonable doubt at trial.” Id. at 828 (¶ 5).
¶ 6. However, as the circuit court noted in its order, our holding from Hampton has been clarified in more recent decisions. In Fair v. State, 93 So.3d 56, 58 (¶ 7) (Miss.Ct.App.2012), this Court stated:
Under Mississippi law, “the penalty for the sale of cocaine is the same regardless of the quantity sold.” Smith v. State, 973 So.2d 1003, 1007 (¶ 10) (Miss.Ct.App.2007); see also Miss.Code Ann. § 41-29-139(a)(l), (b)(1). Therefore, “the amount of cocaine sold is not an essential element of the crime.” Smith, 973 So.2d at 1007 (¶ 10) (citing Williams v. State, 821 So.2d 883, 887 (¶ 16) (Miss.Ct.App.2002)). As such, an indictment is not defective for failing to list a quantity of cocaine in the context of a sale of cocaine charge. Id. at 1006-07 (¶ 10). In fact, Mississippi law is clear that a quantity or amount of cocaine is not required to be listed in the indictment for a charge of sale of cocaine.
Accordingly, we find no error in the circuit court’s finding that this claim was without merit.
II. Whether the language of the indictment rendered it fatally defective.
¶ 7. Marshall notes that the portion of the indictment that charged him as a habitual offender came after the language “against the peace and dignity of the state.” In McNeal v. State, 658 So.2d 1345 (Miss.1995), Michael McNeal asserted this identical argument made by Marshall. The McNeal court held that “a criminal *446 indictment must conclude ‘against the peace and dignity of the state,’ ” and as a result, McNeal’s habitual-offender status was vacated. Id. at 1350 (quotation marks omitted).
¶ 8. However, shortly thereafter, in Brandau v. State, 662 So.2d 1051 (Miss.1995), the supreme court declined to extend its holding in McNeal, finding that the defendant’s failure to object to the form of the indictment waived the issue. Id. at 1054-55. In Voyles v. State, 822 So.2d 353, 358 (¶¶ 20-22) (Miss.Ct.App. 2002), this Court considered this issue and found that the failure to object to language in the indictment waived the issue. More recently, the Supreme Court has stated “that the inclusion of the habitual offender portion of an indictment after the words ‘against the peace and dignity of the State of Mississippi’ does not affect a fundamental right and may be waived on appeal.” Ross v. State, 954 So.2d 968, 1015 (¶ 126) (Miss.2007) (citing Crawford v. State, 716 So.2d 1028, 1050-51 (¶83) (Miss.1998) (superseded on other grounds)).
¶ 9. McKenzie did not object to the form of the indictment; therefore, we agree with the circuit judge’s finding that Marshall waived this issue and is not entitled to relief on this claim.
III. Whether his sentence and fine exceeded the maximum allowed by law.
¶ 10. In his PCR motion to the circuit court, Marshall argued that his sentence and fine exceeded the maximum allowed by statute. A petitioner’s “right to be free from an illegal sentence is a fundamental right”; thus, it is not subject to the three-year statute of limitations for filing a PCR motion. Desemar v. State, 99 So.3d 279, 281 (¶ 7) (Miss.Ct.App.2012) (citations omitted).
¶ 11. Marshall abandons this claim on appeal. Regardless, we agree with the circuit court that there is no merit to this claim. Marshall pleaded guilty to possession of cocaine with intent to sell. Section 41 — 29—139(b)(1) states that any person convicted of possession of a Schedule II controlled substance (in this case, cocaine) “may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00), or both[.]” As Marshall was charged as a habitual offender, the circuit judge had no discretion in sentencing; he was required to subject Marshall to the maximum sentence provided by law.
¶ 12. Accordingly, we find no error in the circuit court’s denial of Marshall’s PCR motion.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
LEE, C.J, IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.