# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-00926-COA

**SHIRLEY WARREN A/K/A SHIRLEY OLIVER WARREN A/K/A SHIRLEY NICHOLS WARREN A/K/A SHIRLEY OLIVER**                                                   APPELLANT

v.

**STATE OF MISSISSIPPI**                                                   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/01/2013 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANDY DAVIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF A CONTROLLED SUBSTANCE IN A CORRECTIONAL FACILITY AND SENTENCED TO SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FOUR YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION |
| DISPOSITION: | REVERSED AND REMANDED - 01/27/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1. Shirley Warren was indicted by a Winston County grand jury on one count of possession of a controlled substance in a correctional facility pursuant to Mississippi Code Annotated section 47-5-198 (Rev. 2011). A jury trial was held in the Circuit Court of

Winston County, resulting in a guilty verdict. Warren was sentenced to seven years in the custody of the Mississippi Department of Corrections (MDOC), with four years suspended and five years of supervised probation. Warren appeals. Finding error, we reverse and remand the judgment.

## FACTS AND PROCEDURAL HISTORY

¶2. On June 9, 2012, Warren visited the Winston-Choctaw Regional Correctional Facility in Louisville, Mississippi. Upon checking in with the visitation officer, Warren was subjected to a search performed by Correctional Officer Theresa Carter. During the search of Warren's person, Carter discovered several medicine tablets concealed in the waistband of Warren's pants. It was later determined that the contraband consisted of four Lortab tablets and four Xanax tablets. Carter then summoned the warden of the correctional facility, Timothy Palmer, who placed Warren under arrest for introducing contraband into a correctional facility.

¶3. On September 26, 2012, the grand jury indicted Warren on one count of possession of a controlled substance in a correctional facility. Warren filed a motion to dismiss asserting that the indictment was defective and insufficient for failing to identify the controlled substances that Warren was alleged to have possessed. Warren also objected to the testimony of William Smith, the State's laboratory analyst, alleging that the State failed to provide Smith's curriculum vitae. Warren further objected to admission of any testing or analysis performed by the Columbus Forensic Laboratory, asserting that the laboratory was not certified by the State Crime Lab or the American Society of Crime Laboratory Directors. The trial court denied Warren's motion.

2

¶4.     A jury trial was held May 1, 2013.  During the trial, Carter testified to discovering the contraband on Warren's person during a body search.  Palmer testified that he took control of the contraband and placed Warren under arrest for introducing contraband into a correctional facility.  Smith testified that the tablets were Lortab and Xanax and that both were controlled substances under Mississippi law.  At the close of the State's case-in-chief, Warren moved for a directed verdict, asserting that the State failed to meet its burden of proof.  The trial court denied the motion, and Warren rested without producing any witnesses in her defense.

¶5.     The jury found Warren guilty of possession of a controlled substance in a correctional facility.  Warren was sentenced to seven years in the custody of the MDOC, with four years suspended and five years of supervised probation.  On May 6, 2013, Warren filed a motion for a judgment notwithstanding the verdict (JNOV), or for a new trial, which the trial court denied.

¶6.     Aggrieved, Warren appeals raising the following issues: (1) whether the trial court erred in denying her motion to dismiss due to the defective indictment; (2) whether the trial court erred in denying her motion to dismiss; (3) whether the State's expert witness was properly qualified under Mississippi Rule of Evidence 702; (4) whether the trial court erred in denying her motion for a directed verdict and/or her motion for a JNOV; and (5) whether she was denied her right to a fair trial due to the trial court's cumulative errors.  We find Warren's first assignment of error to be dispositive, and we reverse and remand the judgment for proceedings consistent with this opinion.

**DISCUSSION**

¶7. Warren argues that her indictment was defective because it failed to identify the controlled substance that she was alleged to have possessed. In the hearing held before the trial court on Warren's motion to dismiss, Warren argued that this defect deprived her of the ability to prepare an adequate defense. We agree.

¶8. Warren was indicted for possession of a controlled substance in a correctional facility pursuant to Mississippi Code Annotated section 47-5-198(1), which provides: "It is unlawful for any person to sell within, bring to, or be in possession of, in any correctional facility or convict camp within the state or any county, municipal[,] or other jail within the state, except as authorized by law, any controlled substance or narcotic drug." Warren's indictment alleged, in part, that Warren: "On or about June 9, 2012, in Winston County, Mississippi, . . . did willfully, unlawfully, feloniously, and knowingly or intentionally, and without authority of law, bring to, or be [sic] in possession of, a controlled substance in the Winston[-]Choctaw County Correctional Facility[.]"

¶9. We have held that "[t]he purpose of an indictment is to give the defendant reasonable notice of the charges against him in order that he may prepare an adequate defense." *Jones v. State*, 130 So. 3d 519, 524 (¶13) (Miss. Ct. App. 2013) (citing *Brawner v. State*, 947 So. 2d 254, 265 (¶31) (Miss. 2006)). Thus, "[t]he ultimate test for the validity of an indictment is whether the defendant was prejudiced in preparing his defense." *Id.* (citing *Medina v. State*, 688 So. 2d 727, 730 (Miss. 1996)). Finally, "[w]hether an indictment is fatally defective is a question of law, which this Court reviews de novo." *Id.* (citing *Moten v. State*, 20 So. 3d 757, 759 (¶4) (Miss. Ct. App. 2009)).

¶10. Rule 7.06 of the Uniform Rules of Circuit and County Court provides: "The

indictment upon which the defendant is to be tried shall be a plain, concise[,] and definite written statement of the **essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation**." (Emphasis added). In *Hampton v. State*, 860 So. 2d 827 (Miss. Ct. App. 2003), this Court addressed the sufficiency of an indictment charging the unlawful sale of a controlled substance. There, we recognized that "the nature . . . of the drug involved is an essential element of the crime that must be alleged in the indictment and proven beyond a reasonable doubt at trial." *Id.* at 828 (¶5); *see also Barnette v. State*, 481 So. 2d 788, 791 (Miss. 1985) ("[A]n essential element of the crime of selling a controlled substance is that the substance sold is indeed a controlled one[.]").

¶11. Here, it is clear that the indictment failed to specify the nature of the controlled substance that Warren was alleged to have possessed. Although our caselaw on this issue primarily addresses possession and trafficking of controlled substances pursuant to Mississippi Code Annotated section 41-29-139 (Supp. 2014), we see no reason why this same reasoning should not extend to possession of a controlled substance in a correctional facility pursuant to section 47-5-198.

¶12. The dissenting opinion correctly points out that section 47-5-198(1) fails to distinguish among the different types of narcotics. However, we note that section 47-5-198(1) provides that it is unlawful to possess a controlled substance in a corrections facility "except as authorized by law." As Warren argued during the pretrial motion hearing, if she "was going to prepare a . . . prescription defense or . . . other . . . legal authority defense[,] she would not know how to do that without being informed through the indictment of [the]

5

. . . name of the controlled substance." Thus, the State's failure to include the identity of the controlled substance that Warren was alleged to have possessed prevented Warren from preparing a possible defense: namely, that her possession of the controlled substance was lawful.

¶13.    The State should have included the identity of the controlled substances in the original indictment, or sought to re-indict Warren in order to include the identity of the controlled substances so as to adequately inform Warren of the precise nature of the charges against her and permit her to prepare a defense.  Accordingly, we reverse and remand for proceedings consistent with this opinion.  Because the Court's resolution of this issue is dispositive, we decline to address Warren's remaining assignments of error.

¶14.    **THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.**

**LEE, C.J., IRVING, P.J., ISHEE, ROBERTS AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., BARNES AND MAXWELL, JJ.**

**CARLTON, J., DISSENTING:**

¶15.    I respectfully dissent from the majority's opinion because I would affirm the conviction and judgment of the circuit court.

¶16.    Warren was charged with possession of a controlled substance in a correctional facility in violation of Mississippi Code Annotated section 47-5-198(1) (Rev. 2011). Except as authorized by law, section 47-5-198(1) prohibits any person from selling within, possessing within, or bringing to any correctional facility or jail in Mississippi any controlled

6

substance or narcotic. Because section 47-5-198(1) prohibits all such substances, it is immaterial which specific narcotic or controlled substance is in question.[1]

¶17. The evidence in the record shows that Warren possessed four Lortab tablets and four Xanax tablets and that both of these substances constituted controlled narcotics in Mississippi and under applicable federal law.[2] Warren presented no evidence to show that she was authorized by law to possess such controlled narcotics in a correctional facility. The indictment sufficiently placed Warren on notice of the charge against her for unlawful possession of narcotics in a correctional facility. Furthermore, the evidence showed that Warren possessed not just one narcotic, but two different controlled scheduled narcotics, in a correctional facility in violation of section 47-5-198(1).[3] The record is devoid of any evidence that shows authority for Warren to possess controlled substances in a correctional facility.

¶18. Warren's arguments on appeal fail to acknowledge that section 47-5-198(1) fails to distinguish among different types of narcotics and that a violation of this statutory section

---

[1] At the time Warren possessed the four tablets of Lortab at the correctional facility, the narcotic was a controlled substance, schedule III, under federal law. In August 2014, federal law reclassified the narcotic Lortab as a controlled substance, schedule II. This reclassification increased the restrictions applicable to prescribing and possessing Lortab. Currently, as well as at the time of Warren's offense, state statutory law also identified Lortab as a controlled, scheduled substance. *See* Miss. Code Ann. § 41-29-115 (Rev. 2013) (discussing controlled substances, schedule II); Miss. Code Ann. § 41-29-117 (Rev. 2013) (discussing controlled substances, schedule III).

[2] *See* Miss. Code Ann. § 41-29-115; Miss. Code Ann. § 41-29-117.

[3] *See also Weems v. State*, 63 So. 3d 579, 588 (¶34) (Miss. Ct. App. 2010) (finding sufficient ttimony existed to support the jury's verdict that the defendant was guilty of bringing contraband into a prison).

occurs upon the unauthorized possession of any narcotic in a correctional facility or jail in Mississippi. Warren's indictment cited section 47-5-198(1), the statutory section violated, and set forth the charge against her of possessing a controlled substance in a correctional facility. The indictment in this case satisfies the requirements of Rule 7.06 of the Uniform Rules of Circuit and County Court.

¶19. The majority mistakenly asserts that the indictment was defective because it failed to specify the exact type of prohibited controlled substance that Warren illegally possessed in the correctional facility in violation of section 47-5-198(1). However, the statute clearly prohibits all controlled substances, unless authority exists for their possession in the facility, and therefore prohibited the controlled substances Warren unlawfully brought to and possessed in the correctional facility. The indictment specifically charged that Warren possessed or brought to the correctional facility the controlled substances "wilfully, unlawfully, feloniously, and knowingly or intentionally, and without authority of law[.]" As discussed, at trial, Warren presented no evidence to show that she possessed any legal authority, such as the lawful authority of prison medical personnel or a prison physician, to so possess the controlled substances in the correctional facility. *See Clincy v. Atwood*, 65 So. 3d 327, 332 (¶12) (Miss. Ct. App. 2011) (finding that the refusal by correctional-facility personnel to allow an inmate to keep his arthritis medication followed standard policies applicable to the medical care of inmates and the possession of medication by inmates).[4]

---

[4] *See also* Miss. Code Ann. § 11-46-1(f) (Rev. 2012) (defining an "employee" of the State of Mississippi and noting that prison doctors and other prison healthcare practitioners are included in the definition); Miss. Code Ann. § 47-1-57 (Rev. 2011) (noting that prisons and jails possess authorized medical personnel).

¶20. With respect to Warren's claim regarding lack of sufficient notice, Warren's pretrial motion to dismiss reflects that the State provided Warren with discovery setting forth the contraband of controlled narcotics — the Lortab and Xanax tablets — that the correctional officer seized from Warren's person. The pretrial motion to dismiss also shows that the State further provided Warren with discovery that included the State's laboratory tests, which identified the controlled substances or types of narcotics seized from Warren's person at the correctional facility.

¶21. For these reasons, I respectfully dissent from the majority's opinion reversing and remanding the circuit court's judgment.

**GRIFFIS, P.J., BARNES AND MAXWELL, JJ., JOIN THIS OPINION.**