JAMES, J.,
for the Court:-
¶ 1. Shirley Warren was indicted by a Winston County grand jury on one count of possession of a controlled substance in a correctional facility pursuant-to Mississippi Code Annotated section 47-5-198 (Rev. 2011). A jury trial was held in the Circuit Court of Winston County, resulting in a guilty verdict. Warren was sentenced to seven years in the custody.of the Mississippi Department of Corrections (MDOC), with .four years suspended and five years of supervised probation. Warren appeals. Finding error, we reverse and remand the judgment.
*632 FACTS AND PROCEDURAL HISTORY
¶ 2. On June 9, 2012, Warren visited the Winston-Choctaw Regional Correctional Facility in Louisville, Mississippi. Upon checking in with the visitation officer, Warren was subjected to a search performed by Correctional Officer Theresa Carter. During the search of Warren’s person, Carter discovered several medicine tablets concealed in the waistband of Warren’s pants. It was later determined that the contraband consisted of four Lortab tablets and four Xanax tablets. Carter then summoned the warden of the correctional facility, Timothy Palmer, who placed Warren under arrest for introducing contraband into a correctional facility.
¶3. On September 26, 2012, the grand jury indicted Warren on one count of possession of a controlled substance in a correctional facility. Warren filed a motion to dismiss asserting that the indictment was defective and insufficient for failing to identify the controlled substances that Warren was alleged to have possessed. Warren also objected to the testimony of William Smith, the State’s laboratory analyst, alleging that the State failed to provide Smith’s curriculum vitae. Warren further objected to admission of any testing or analysis performed by the Columbus Forensic Laboratory, asserting that the laboratory was not certified by the State Crime Lab or the American Society of Crime Laboratory Directors. The trial court denied Warren’s motion.
¶ 4. A jury trial was held May 1, 2013. During the trial, Carter testified to discovering the contraband on Warren’s person during a body search. Palmer testified that he took control of the contraband and placed Warren under arrest for introducing contraband into a correctional facility. Smith testified that the tablets were Lor-tab and Xanax and that both were controlled substances under Mississippi law. At the close of the State’s case-in-chief, Warren moved for a directed verdict, asserting that the State failed to meet its burden of proof. The trial court denied the motion, and Warren rested without producing any witnesses in her defense.
¶5. The jury found Warren guilty of possession of a controlled substance in a correctional facility. Warren was sentenced to seven years in the custody of the MDOC, with four years suspended and five years of supervised probation. On May 6, 2013, Warren filed a motion for a judgment notwithstanding the verdict (JNOV), or for a new trial, which the trial court denied.
¶ 6. Aggrieved, Warren appeals raising the following issues: (1) whether the trial court erred in denying her motion to dismiss due to the defective indictment; (2) whether the trial court erred in denying her motion to dismiss; (3) whether the State’s expert witness was properly qualified under Mississippi Rule of Evidence 702; (4) whether the trial court erred in denying her motion for a directed verdict and/or her motion for a JNOV; and (5) whether she was denied her right to a fair trial due to the trial court’s cumulative errors. We find Warren’s first assignment of error to be dispositive, and we reverse and remand the judgment for proceedings consistent with this opinion.
DISCUSSION
¶ 7. Warren argues that her indictment was defective because it failed to identify the controlled substance that she was alleged to have possessed. In the hearing held before the trial court on Warren’s motion to dismiss, Warren argued that this defect deprived her of the ability to prepare an adequate defense. We agree.
¶ 8. Warren was indicted for possession of a controlled substance in a correctional *633 facility pursuant to Mississippi Code Annotated section 47-6-198(1), which provides: “It is unlawful for any person to sell within, bring to, or be in possession of, in any correctional facility or convict camp within the state or any county, municipal^] or other- jail within the state, except as authorized by law, any controlled substance or narcotic drug.” Warren’s indictment alleged, in part, that Warren: “On or about June 9, 2012, in Winston County, Mississippi, ... did willfully, unlawfully, feloniously, and knowingly or intentionally, and without authority of law, bring to, or be [sic] in possession of, a controlled substance in the Winston[-]Choctaw County Correctional Facility[.]”
¶ 9. We have held that “[t]he purpose of an indictment is to give the defendant reasonable notice of the charges against him in order that he may prepare an adequate defense.” Jones v. State, 130 So.3d 519, 524 (¶ 13) (Miss.Ct.App.2013) (citing Brawner v. State, 947 So.2d 254, 265 (¶ 31) (Miss.2006)). Thus, “[t]he ultimate test for the validity of an indictment is whether the defendant was prejudiced in preparing his defense.” Id. (citing Medina v. State, 688 So.2d 727, 730 (Miss.1996)). Finally, “[w]hether an indictment is fatally defective is a question of law, which this Court reviews de novo.” Id. (citing Moten v. State, 20 So.3d 757, 759 (¶ 4) (Miss.Ct.App.2009)).
¶ 10. Rule 7.06 of the Uniform Rules of Circuit and County Court provides: “The indictment upon which the defendant is to be tried shall be a plain, concise[,] and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.” (Emphasis added). In Hampton v. State, 860 So.2d 827 (Miss.Ct.App.2003), this Court addressed the sufficiency of an indictment charging the unlawful sale of a controlled substance. There, we recognized that “the nature ... of the drug involved is an essential element of the crime that must be alleged in the indictment and proven beyond a reasonable doubt at trial.” Id. at 828 (¶ 5); see also Barnette v. State, 481 So.2d 788, 791 (Miss.1985) (“[A]n essential element of the crime of selling a controlled substance is that the substance sold is indeed a controlled one[.]”).
¶ 11. Here, it is clear that the indictment failed to specify the nature of the controlled substance that Warren was alleged to have possessed. Although our caselaw on this issue primarily addresses possession and trafficking of controlled substances pursuant to Mississippi Code Annotated section 41-29-139 (Supp.2014), we see no reason why this same reasoning should not extend to possession of a controlled substance in a correctional facility pursuant to section 47-5-198.
¶ 12. The dissenting opinion correctly points out that section 47-5-198(1) fails to distinguish among the different types of narcotics. However, we note that section 47-5-198(1) provides that it is unlawful to possess a controlled substance in a corrections facility “except as authorized by law.” As Warren argued during the pretrial motion hearing, if she “was going to prepare a ... prescription defense or ... other ... legal authority defense[,] she would not know how to do that without being informed through the indictment of [the] ... name of the controlled substance.” Thus, the State’s failure to include the identity of the controlled substance that Warren was alleged to have possessed prevented Warren from preparing a possible defense: namely, that her possession of the controlled substance was lawful.
¶ 13. The State should have included the identity of the controlled substances in the original indictment, or sought to re- *634 indict Warren in order to include the identity of the .controlled substances so as to adequately inform Warren of the- precise nature of the charges against her and permit her to prepare a defense. Accordingly, we reverse and remand for proceedings consistent with this opinion. Because the Court’s, resolution of this issue is disposi-tive, we decline to address Warren’s remaining assignments of error.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
LEE, C.J., IRVING, P.J., ISHEE, ROBERTS AND FAIR, JJ., CONCUR. CARLTON, J„ DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., BARNES AND MAXWELL, JJ.