# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01646-COA

CHRISTOPHER CARBIN A/K/A CHRIS CARBIN
A/K/A CHRIS J. CARBIN A/K/A CHRISTOPHER
JAMES CARBIN A/K/A CHRISTOPHER J.
CARBIN

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

DATE OF JUDGMENT:                  10/24/2016
TRIAL JUDGE:                       HON. SMITH MURPHEY
COURT FROM WHICH APPEALED:         TATE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:            CHRISTOPHER CARBIN (PRO SE)
ATTORNEY FOR APPELLEE:             OFFICE OF THE ATTORNEY GENERAL
                                   BY: KAYLYN HAVRILLA MCCLINTON
NATURE OF THE CASE:                CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                       AFFIRMED - 12/05/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., WILSON AND WESTBROOKS, JJ.

### LEE, C.J., FOR THE COURT:

¶1.     In 1988, Christopher Carbin pleaded guilty to three counts of kidnapping, and one count each of armed robbery, jail escape, conspiracy to commit jail escape, aggravated assault on a law-enforcement officer, and grand larceny. He was sentenced as a habitual offender to serve a total of forty-five years in the custody of the Mississippi Department of Corrections. Over the years, Carbin has filed nine separate motions for postconviction relief (PCR). Several of the motions were dismissed due to Carbin's failure to pay filing fees. Others were dismissed as time-barred and successive-writ barred. *See Carbin v. State*, 942

So. 2d 231, 232 (¶1) (Miss. Ct. App. 2006) (affirming the trial court's dismissal of Carbin's third PCR motion as a successive writ).

¶2. This appeal concerns Carbin's ninth PCR motion. He originally filed several documents, including one titled "Brief of Habeas Corpus," in which he argued that the evidence was insufficient to support his habitual-offender status and his conviction and sentence for jail escape. The trial court treated Carbin's filings as a PCR motion. The trial court determined Carbin's motion was time-barred and successive-writ barred. Although Carbin claimed his fundamental constitutional rights were affected, the trial court found that Carbin failed to overcome the procedural bar.

¶3. Carbin now appeals, arguing that he was improperly sentenced as a habitual offender and that his guilty plea was not entered into voluntarily. As Carbin raises the guilty-plea issue for the first time on appeal, we decline to review it. *See Marshall v. State*, 136 So. 3d 443, 445 (¶3) (Miss. Ct. App. 2013).

## STANDARD OF REVIEW

¶4. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if the trial court abused its discretion and the decision is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶5. Carbin argues that the evidence was insufficient to prove he was a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015). Carbin's PCR motion is

procedurally barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Rev. 2015). But "errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Postconviction Collateral Relief Act]." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). The right to be free from an illegal sentence is a fundamental right that survives the procedural bar. *Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014). However, "the mere assertion of a constitutional right violation does not trigger the exception"; rather, the claim must at least appear to have some basis of truth. *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (citations and internal quotation marks omitted).

¶6.    The trial court noted that certified judgments of conviction and sentence evidencing Carbin's prior convictions were admitted without objection by Carbin. Noting that certified copies of judgments of conviction are sufficient to support habitual-offender status, the trial court found Carbin failed to overcome the procedural bar. *See Short v. State*, 929 So. 2d 420, 426 (¶16) (Miss. Ct. App. 2006) ("The best evidence of a conviction is a certified copy of the judgment of conviction."). We agree with the trial court that Carbin has failed to overcome the procedural bar.

¶7.    **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

3